1   KUANG-BAO P. OU-YOUNG
2   1362 Wright Avenue
3   Sunnyvale, California 94087
4   (408) 234-2371
5   kbouyoung@yahoo.com

6   Plaintiff Pro Se

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

**FIRST AMENDED COMPLAINT**

Case No. 22-cv-5066-SVK    DEMAND FOR JURY TRIAL

KUANG-BAO P. OU-YOUNG, Plaintiff,

    vs.

COUNTY OF SANTA CLARA; JEFFREY F. ROSEN, District Attorney, County of Santa Clara; JOHN CHASE, Deputy District Attorney, County of Santa Clara; LAWRENCE E. STONE, Assessor, County of Santa Clara; JEANETTE TONINI, Senior Assessment Clerk, County of Santa Clara; JAMES R. WILLIAMS, County Counsel, County of Santa Clara; KARL A. SANDOVAL, Deputy County Counsel, County of Santa Clara; KARAN S. DHADIALLA, Deputy County Counsel, County of Santa Clara; JOSE L. MARTINEZ, Deputy County Counsel, County of Santa Clara; WINIFRED BOTHA, Deputy County Counsel, County of Santa Clara; SHANNON BUSHEY, Registrar of Voters, County of Santa Clara; CHRISTOPHER G. RUDY, Judge, Superior Court of California in and for the County of Santa Clara; JOSEPH H. HUBER, former Judge, Superior Court of California in and for the County of Santa Clara; LAURIE MIKKELSEN, Staff Attorney, Superior Court of California in and for the County of Santa Clara; STATE OF CALIFORNIA; STATE BAR OF CALIFORNIA; GAVIN C. NEWSOM, Governor, State of California; EDMUND G. BROWN, JR., former Governor, State of California; SHIRLEY N. WEBER, Secretary of State, State of California; ROBERT A. BONTA, Attorney General, State of California; JEFFREY R. VINCENT, Deputy Attorney General, State of California; LORA D. CURTIS, Deputy Attorney General, State of California; ROLANDO PASQUALI, Deputy Attorney General, State of California; MICHAEL C. GASBARRO, Deputy Attorney General, State of California; KIMBERLY MCCRICKARD, Analyst, Office of the Attorney General, State of California; RICHARD G. SEEBORG, Chief Judge, U.S. District Court for the Northern District of California; PHYLLIS J. HAMILTON, District Judge, U.S. District Court for the Northern District of California; EDWARD M. CHEN, District Judge, U.S. District Court for the Northern District of California; BETH LABSON FREEMAN, District Judge, U.S. District Court for the Northern District of California; WILLIAM H. ORRICK, District Judge, U.S. District Court for the Northern District of California; CLAUDIA WILKEN, District Judge, U.S. District Court for the Northern District of California; YVONNE GONZALEZ ROGERS, District Judge, U.S. District Court for the Northern District of California; SUSAN Y. ILLSTON, District Judge, U.S. District Court for the Northern District of California; JEFFREY S. WHITE, District Judge, U.S. District Court for the Northern District of California; VINCE G. CHHABRIA, District Judge, U.S. District Court for the Northern District

1  of California; WILLIAM H. ALSUP, District Judge, U.S. District Court for the Northern District
2  of California; JAMES DONATO, District Judge, U.S. District Court for the Northern District of
3  California; JON S. TIGAR, District Judge, U.S. District Court for the Northern District of
4  California; CHARLES R. BREYER, District Judge, U.S. District Court for the Northern District
5  of California; VIRGINIA K. DEMARCHI, Magistrate Judge, U.S. District Court for the
6  Northern District of California; ALEX G. TSE, Magistrate Judge, U.S. District Court for the
7  Northern District of California; NATHANAEL M. COUSINS, Magistrate Judge, U.S. District
8  Court for the Northern District of California; LAUREL BEELER, Magistrate Judge, U.S.
9  District Court for the Northern District of California; MARK B. BUSBY, Clerk, U.S. District
10 Court for the Northern District of California; KATHLEEN M. SHAMBAUGH, Deputy Clerk,
11 U.S. District Court for the Northern District of California; SNOOKI PULI, Manager, Office of
12 the Clerk, U.S. District Court for the Northern District of California; TIFFANY SALINAS-
13 HARWELL, Deputy Clerk, U.S. District Court for the Northern District of California; BETTY
14 WALTON, Deputy Clerk, U.S. District Court for the Northern District of California; DIANE
15 MIYASHIRO, Deputy Clerk, U.S. District Court for the Northern District of California; SARAH
16 EVANS BARKER, District Judge, U.S. District Court for the Southern District of Indiana; D.
17 BROCK HORNBY, District Judge, U.S. District Court for the District of Maine; RALPH R.
18 BEISTLINE, District Judge, U.S. District Court for the District of Alaska; GEORGE H. KING,
19 former District Judge, U.S. District Court for the Central District of California; ANTHONY W.
20 ISHII, District Judge, U.S. District Court for the Eastern District of California; STEPHEN M.
21 MCNAMEE, District Judge, U.S. District Court for the District of Arizona; PHILIP S.
22 GUTIERREZ, Chief Judge, U.S. District Court for the Central District of California; BRIAN M.
23 MORRIS, Chief Judge, U.S. District Court for the District of Montana; MIRANDA M. DU,
24 Chief Judge, U.S. District Court for the District of Nevada; RONALD S. W. LEW, District
25 Judge, U.S. District Court for the Central District of California; STEFAN R. UNDERHILL,
26 Chief Judge, U.S. District Court for the district of Connecticut; FREDA L. WOLFSON, Chief
27 Judge, U.S. District Court for the District of New Jersey. JOHN P. BAILEY, Chief Judge, U.S.
28 District Court for the Northern District of West Virginia; S. MAURICE HICKS, JR., Chief
29 Judge, U.S. District Court for the Western District of Louisiana; SARA E. LIOI, District Judge,
30 U.S. District Court for the Northern District of Ohio; JON E. DEGUILIO, District Judge, U.S.
31 District Court for the Northern District of Indiana; JOHN R. TUNHEIM, Chief Judge, U.S.
32 District Court for the District of Minnesota; LESLIE E. KOBAYASHI, District Judge, U.S.
33 District Court for the District of Hawaii; CLAIRE V. EAGAN, District Judge, U.S. District
34 Court for the Northern District of Oklahoma; L. SCOTT COOGLER, Chief Judge, U.S. District
35 Court for the Northern District of Alabama; BERYL A. HOWELL, Chief Judge, U.S. District
36 Court for the District of Columbia; BRUCE E. REINHART, Magistrate Judge, U.S. District
37 Court for the Southern District of Florida; MARY H. MURGUIA, Chief Judge, U.S. Court of
38 Appeals for the Ninth Circuit; SIDNEY R. THOMAS, Circuit Judge, U.S. Court of Appeals for
39 the Ninth Circuit; MARY M. SCHROEDER, Circuit Judge, U.S. Court of Appeals for the Ninth
40 Circuit; BARRY G. SILVERMAN, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit;
41 RICHARD A. PAEZ, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit; DANIELLE J.
42 FORREST, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit; PAUL J. WATFORD,
43 Circuit Judge, U.S. Court of Appeals for the Ninth Circuit; MARK J. BENNETT, Circuit Judge,
44 U.S. Court of Appeals for the Ninth Circuit; LAWRENCE VANDYKE, Circuit Judge, U.S.
45 Court of Appeals for the Ninth Circuit; N. RANDY SMITH, Circuit Judge, U.S. Court of
46 Appeals for the Ninth Circuit; MORGAN CHRISTEN, Circuit Judge, U.S. Court of Appeals for
47 the Ninth Circuit; SANDRA S. IKUTA, Circuit Judge, U.S. Court of Appeals for the Ninth
48 Circuit; MICHELLE T. FRIEDLAND, Circuit Judge, U.S. Court of Appeals for the Ninth

1  Circuit; ALEX KOZINSKI, former Circuit Judge, U.S. Court of Appeals for the Ninth Circuit; J.
2  CLIFFORD WALLACE, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit; RICHARD
3  C. TALLMAN, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit; RICHARD R.
4  CLIFTON, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit; ALFRED T. GOODWIN,
5  Circuit Judge, U.S. Court of Appeals for the Ninth Circuit; DOROTHY W. NELSON, Circuit
6  Judge, U.S. Court of Appeals for the Ninth Circuit; WILLIAM C. CANBY, JR., Circuit Judge,
7  U.S. Court of Appeals for the Ninth Circuit; DIARMUID F. O'SCANNLAIN, Circuit Judge,
8  U.S. Court of Appeals for the Ninth Circuit; EDWARD LEAVY, Circuit Judge, U.S. Court of
9  Appeals for the Ninth Circuit; STEPHEN TROTT, Circuit Judge, U.S. Court of Appeals for the
10 Ninth Circuit; FERDINAND F. FERNANDEZ, Circuit Judge, U.S. Court of Appeals for the
11 Ninth Circuit; ANDREW J. KLEINFELD, Circuit Judge, U.S. Court of Appeals for the Ninth
12 Circuit; MICHAEL DALY HAWKINS, Circuit Judge, U.S. Court of Appeals for the Ninth
13 Circuit; A. WALLACE TASHIMA, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit;
14 SUSAN P. GRABER, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit; M.
15 MARGARET MCKEOWN, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit; KIM
16 MCLANE WARDLAW, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit; WILLIAM
17 A. FLETCHER, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit; RONALD M.
18 GOULD, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit; MARSHA S. BERZON,
19 Circuit Judge, U.S. Court of Appeals for the Ninth Circuit; JOHNNIE B. RAWLINSON, Circuit
20 Judge, U.S. Court of Appeals for the Ninth Circuit; JAY S. BYBEE, Circuit Judge, U.S. Court of
21 Appeals for the Ninth Circuit; CONSUELO M. CALLAHAN, Circuit Judge, U.S. Court of
22 Appeals for the Ninth Circuit; CARLOS T. BEA, Circuit Judge, U.S. Court of Appeals for the
23 Ninth Circuit; MILAN D. SMITH, JR., Circuit Judge, U.S. Court of Appeals for the Ninth
24 Circuit; JACQUELINE H. NGUYEN, Circuit Judge, U.S. Court of Appeals for the Ninth
25 Circuit; ANDREW D. HURWITZ, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit;
26 JOHN B. OWENS, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit; RYAN D.
27 NELSON, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit; ERIC D. MILLER, Circuit
28 Judge, U.S. Court of Appeals for the Ninth Circuit; BRIDGET S. BADE, Circuit Judge, U.S.
29 Court of Appeals for the Ninth Circuit; DANIEL P. COLLINS, Circuit Judge, U.S. Court of
30 Appeals for the Ninth Circuit; KENNETH KIYUL LEE, Circuit Judge, U.S. Court of Appeals
31 for the Ninth Circuit; DANIEL A. BRESS, Circuit Judge, U.S. Court of Appeals for the Ninth
32 Circuit; PATRICK J. BUMATAY, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit;
33 LUCY H. KOH, Circuit Judge, U.S. Court of Appeals for the Ninth Circuit; JEFFREY R.
34 HOWARD, Chief Judge, U.S. Court of Appeals for the First Circuit; DEBRA A. LIVINGSTON,
35 Chief Judge, U.S. Court of Appeals for the Second Circuit; MICHAEL A. CHAGARES, Chief
36 Judge, U.S. Court of Appeals for the Third Circuit; ROGER L. GREGORY, Chief Judge, U.S.
37 Court of Appeals for the Fourth Circuit; PRISCILLA R. OWEN, Chief Judge, U.S. Court of
38 Appeals for the Fifth Circuit; JEFFREY S. SUTTON, Chief Judge, U.S. Court of Appeals for the
39 Sixth Circuit; DIANE S. SYKES, Chief Judge, U.S. Court of Appeals for the Seventh Circuit;
40 LAVENSKI R. SMITH, Chief Judge, U.S. Court of Appeals for the Eighth Circuit; TIMOTHY
41 M. TYMKOVICH, Chief Judge, U.S. Court of Appeals for the Tenth Circuit; WILLIAM H.
42 PRYOR, JR., Chief Judge, U.S. Court of Appeals for the Eleventh Circuit; SRIKANTH
43 SRINIVASAN, Chief Judge, U.S. Court of Appeals for the District of Columbia Circuit;
44 KIMBERLY A. MOORE, Chief Judge, U.S. Court of Appeals for the Federal Circuit; PASCO
45 M. BOWMAN, Circuit Judge, U.S. Court of Appeals for the Eighth Circuit; J. HARVIE
46 WILKINSON III, Circuit Judge, U.S. Court of Appeals for the Fourth Circuit; LISA B.
47 FITZGERALD, interim Commissioner, U.S. Court of Appeals for the Ninth Circuit; SUSAN Y.
48 SOONG, Circuit Executive, U.S. Court of Appeals for the Ninth Circuit; ELIZABETH A.

1  SMITH, former Circuit Executive, U.S. Court of Appeals for the Ninth Circuit; MOLLY C.
2  DWYER, Clerk, U.S. Court of Appeals for the Ninth Circuit; JESSICA POBLETE DELA
3  CRUZ, Deputy Clerk, U.S. Court of Appeals for the Ninth Circuit; JOHN G. ROBERTS, JR.,
4  Chief Justice, U.S. Supreme Court; ANTHONY M. KENNEDY, former Associate Justice, U.S.
5  Supreme Court; CLARENCE THOMAS, Associate Justice, U.S. Supreme Court; STEPHEN G.
6  BREYER, former Associate Justice, U.S. Supreme Court; RUTH BADER GINSBURG, former
7  Associate Justice, U.S. Supreme Court; SAMUEL A. ALITO, JR., Associate Justice, U.S.
8  Supreme Court; SONIA SOTOMAYOR, Associate Justice, U.S. Supreme Court; ELENA
9  KAGAN, Associate Justice, U.S. Supreme Court; JOSEPH R. BIDEN, JR., President of United
10 States; KAMALA D. HARRIS, Vice President of United States; MERRICK B. GARLAND,
11 Attorney General of United States; XAVIER BECERRA, Secretary of Health and Human
12 Services of United States; BARACK H. OBAMA, former President of United States; ERIC H.
13 HOLDER, JR., former Attorney General of United States; JEFFERSON B. SESSIONS III,
14 former Attorney General of United States; WILLIAM P. BARR, former Attorney General of
15 United States; LISA O. MONACO, Deputy Attorney General of United States; DONALD B.
16 VERRILLI, JR., former Solicitor General of Untied States; CHRISTOPHER A. WRAY,
17 Director, Federal Bureau of Investigation; JUAN ANTONIO GONZALEZ, JR., U.S. Attorney
18 for the Southern District of Florida; STEPHANIE M. HINDS, U.S. Attorney for the Northern
19 District of California; MELINDA HAAG, former U.S. Attorney for the Northern District of
20 California; BRIAN J. STRETCH, former U.S. Attorney for the Northern District of California;
21 DAVID L. ANDERSON, former U.S. Attorney for the Northern District of California;
22 MICHELLE LO, Assistant U.S. Attorney, U.S. Attorney's Office for the Northern District of
23 California; PAMELA T. JOHANN, Assistant U.S. Attorney, U.S. Attorney's Office for the
24 Northern District of California; JEVECHIUS D. BERNARDONI, Assistant U.S. Attorney, U.S.
25 Attorney's Office for the Northern District of California; SARA WINSLOW, former Assistant
26 U.S. Attorney, U.S. Attorney's Office for the Northern District of California; JAMES A.
27 SCHARF, Assistant U.S. Attorney, U.S. Attorney's Office for the Northern District of
28 California; CLAIRE T. CORMIER, former Assistant U.S. Attorney, U.S. Attorney's Office for
29 the Northern District of California; JOHN E. POTTER, former Postmaster General of United
30 States; PATRICK R. DONAHOE, former Postmaster General of United States; MEGAN
31 BRENNAN, former Postmaster General of United States; ALEX PADILLA, U.S. Senator for
32 California; NANCY P. PELOSI, Speaker of U.S. House of Representatives; JARED W.
33 HUFFMAN, U.S. Representative for California; JOHN R. GARAMENDI, U.S. Representative
34 for California; C. MICHAEL THOMPSON, U.S. Representative for California; DORIS O.
35 MATSUI, U.S. Representative for California; AMERISH B. BERA, U.S. Representative for
36 California; JERRY MCNERNEY, U.S. Representative for California; JOSHUA K. HARDER,
37 U.S. Representative for California; MARK DESAULNIER, U.S. Representative for California;
38 BARBARA J. LEE, U.S. Representative for California; K. L. JACQUELINE SPEIER, U.S.
39 Representative for California; ERIC M. SWALWELL, U.S. Representative for California;
40 JAMES M. COSTA, U.S. Representative for California; ROHIT KHANNA, U.S. Representative
41 for California; ANNA G. ESHOO, U.S. Representative for California; ZOE LOFGREN, U.S.
42 Representative for California; JAMES V. PANETTA, U.S. Representative for California;
43 SALUD O. CARBAJAL, U.S. Representative for California; JULIA A. BROWNLEY, U.S.
44 Representative for California; JUDY M. CHU, U.S. Representative for California; ADAM B.
45 SCHIFF, U.S. Representative for California; ANTONIO CARDENAS, U.S. Representative for
46 California; BRADLEY J. SHERMAN, U.S. Representative for California; PETER R.
47 AGUILAR, U.S. Representative for California; GRACIELA F. NAPOLITANO, U.S.
48 Representative for California; TED W. LIEU, U.S. Representative for California; JIMMY

GOMEZ, U.S. Representative for California; NORMA J. TORRES, U.S. Representative for
California; RAUL RUIZ, U.S. Representative for California; KAREN R. BASS, U.S.
Representative for California; LINDA T. SANCHEZ, U.S. Representative for California;
LUCILLE E. ROYBAL-ALLARD, U.S. Representative for California; MARK A. TAKANO,
U.S. Representative for California; MAXINE M. WATERS, U.S. Representative for California;
NANETTE D. BARRAGAN, U.S. Representative for California; KATHERINE M. PORTER,
U.S. Representative for California; J. LUIS CORREA, U.S. Representative for California;
ALAN S. LOWENTHAL, U.S. Representative for California; MICHAEL T. LEVIN, U.S.
Representative for California; JUAN C. VARGAS, U.S. Representative for California; SCOTT
H. PETERS, U.S. Representative for California; SARA J. JACOBS, U.S. Representative for
California; JERROLD L. NADLER, U.S. Representative for New York; JAMIN B. RASKIN,
U.S. Representative for Maryland; JOAQUIN CASTRO, U.S. Representative for Texas; DAVID
N. CICILLINE, U.S. Representative for Rhode Island; MADELEINE DEAN, U.S.
Representative for Pennsylvania; DIANA L. DEGETTE, U.S. Representative for Colorado;
JOSEPH D. NEGUSE, U.S. Representative for Colorado; MEMBERS OF THE 107TH
CONGRESS; TWITTER, INC.; META PLATFORMS, INC.; GOOGLE, INC.; THE CHARLES
SCHWAB CORPORATION; PACIFIC GAS AND ELECTRIC CORPORATION; DAVID S.
POON; ALAN T. POON; COLIN K. AU; and JESSIE YU,

Defendants.

## JURISDICTION AND VENUE

b1.    This action raises questions under provisions of the Civil Rights Act of 1871 in

42 U.S.C. §§ 1983, 1985 as well as *Bivens v. Six Unknown Named Agents of Federal Bureau of*

*Narcotics*, 403 U.S. 388 (1971). The Court has original jurisdiction over these claims under

28 U.S.C. § 1331. This Court has authority to award the requested declaratory relief under 28

U.S.C. §§ 2201-02, the requested injunctive relief under 28 U.S.C. § 1343(a)(4), the requested

damages under 28 U.S.C. § 1343(a)(4), and legal costs under 42 U.S.C. § 1988.

b2.    Venue is proper under 28 U.S.C. § 1391(b)(2) in the northern district of California

because a substantial part of the actions giving rise to this case occurred within the district.

## INTRADISTRICT ASSIGNMENT

b3.    Pursuant to Civil L.R. 3-2(c) and (e), this is a civil rights case, in a non-excepted

category, suitable for assignment to the San Jose division because this action arises in the County

of Santa Clara.

## PARTIES

a1.    Plaintiff Kuang-Bao P. Ou-Young is a resident of Santa Clara County.

a2.    Defendant County of Santa Clara is a charter county organized and existing under the laws of the State of California.

a3.    Defendant Jeffrey F. Rosen is district attorney of Santa Clara County ("DA").

a4.    Defendant John Chase is a deputy district attorney ("DDA") at DA's office.

a5.    Defendant Lawrence E. Stone is assessor of Santa Clara County.

a6.    Defendant Jeanette Tonini is a senior assessment clerk at county assessor's office.

a7.    Defendant James R. Williams is county counsel of Santa Clara County ("CC").

a8.    Defendant Karl A. Sandoval is a deputy county counsel ("DCC") at CC's office.

a9.    Defendant Karan S. Dhadialla is a DCC at CC's office.

a10.    Defendant Jose L. Martinez is a DCC and former DCC ("FDCC") at CC's office.

a11.    Defendant Winifred Botha is a DCC at CC's office.

a12.    Defendant Shannon Bushey is registrar of voters of Santa Clara County.

a13.    Defendant Christopher G. Rudy is a judge at Santa Clara County Superior Court ("state court").

a14.    Defendant Joseph H. Huber is a former judge at the state court.

a15.    Defendant Laurie Mikkelsen is a staff attorney and ADR officer at the state court.

a16.    Defendant State of California became the 31st state of U.S. on September 9, 1850, thereby subjecting itself to the Constitution and laws of the Union.

a17.    Defendant State Bar of California ("State Bar") is a public California corporation with its main office at 180 Howard Street, San Francisco, California.

a18.    Defendant Gavin C. Newsom is governor of California.

a19.    Defendant Edmund G. Brown, Jr., is a former governor of California.

1    a20.    Defendant Shirley N. Weber is Secretary of State of California ("CSS").

2    a21.    Defendant Robert A. Bonta is Attorney General of California ("CAG").

3    a22.    Defendant Jeffrey R. Vincent is a supervising deputy attorney general ("DCAG")

4    at CAG's office.

5    a23.    Defendant Lora D. Curtis is a supervising DCAG at CAG's office.

6    a24.    Defendant Rolando Pasquali is a DCAG at CAG's office.

7    a25.    Defendant Michael C. Gasbarro is a DCAG at CAG's office.

8    a26.    Defendant Kimberly McCrickard is an analyst at CAG's office.

9    a27.    Defendant Richard G. Seeborg is chief judge of this court.

10    a28.    Defendant Phyllis J. Hamilton is a senior district judge at this court.

11    a29.    Defendant Edward M. Chen is a senior district judge at this court.

12    a30.    Defendant Beth Labson Freeman is a district judge at this court.

13    a31.    Defendant William H. Orrick is a district judge at this court.

14    a32.    Defendant Claudia A. Wilken is a senior district judge at this court.

15    a33.    Defendant Yvonne Gonzalez Rogers is a district judge at this court.

16    a34.    Defendant Susan Y. Illston is a senior district judge at this court.

17    a35.    Defendant Jeffrey S. White is a senior district judge at this court.

18    a36.    Defendant Vince G. Chhabria is a district judge at this court.

19    a37.    Defendant William H. Alsup is a senior district judge at this court.

20    a38.    Defendant James Donato is a district judge at this court.

21    a39.    Defendant Jon S. Tigar is a district judge at this court.

22    a40.    Defendant Charles R. Breyer is a senior district judge at this court.

23    a41.    Defendant Virginia K. DeMarchi is a magistrate judge at this court.

24    a42.    Defendant Alex G. Tse is a magistrate judge at this court and a former assistant

1    U.S. attorney ("AUSA") at U.S. attorney's office for northern California ("USAO").

2        a43.    Defendant Nathanael M. Cousins is a magistrate judge at this court.

3        a44.    Defendant Laurel Beeler is a magistrate judge at this court.

4        a45.    Defendant Mark B. Busby is clerk of this court.

5        a46.    Defendant Kathleen M. Shambaugh is a deputy clerk and former acting clerk at

6    this court.

7        a47.    Defendant Snooki Puli is a manager at the clerk's office of this court.

8        a48.    Defendant Tiffany Salinas-Harwell is a deputy clerk at this court.

9        a49.    Defendant Betty Walton is a deputy clerk at this court.

10        a50.    Defendant Diane Miyashiro is a deputy clerk at this court.

11        a51.    Defendant Sarah Evans Barker is a senior district judge at the U.S. District Court

12    for southern Indiana.

13        a52.    Defendant D. Brock Hornby is a senior district judge at the U.S. District Court for

14    Maine.

15        a53.    Defendant Ralph R. Beistline is a senior district judge at the U.S. District Court

16    for Alaska.

17        a54.    Defendant George H. King is a former district judge at the U.S. District Court for

18    central California.

19        a55.    Defendant Anthony W. Ishii is a senior district judge at the U.S. District Court for

20    eastern California.

21        a56.    Defendant Stephen M. McNamee is a senior district judge at the U.S. District

22    Court for Arizona.

23        a57.    Defendant Philip S. Gutierrez is chief judge of the U.S. District Court for central

24    California.

1    a58.    Defendant Brian M. Morris is chief judge of the U.S. District Court for Montana.

2    a59.    Defendant Miranda M. Du is chief judge of the U.S. District Court for Nevada.

3    a60.    Defendant Ronald S. W. Lew is a senior district judge at the U.S. District Court

4  for central California.

5    a61.    Defendant Stefan R. Underhill is chief judge of the U.S. District Court for

6  Connecticut.

7    a62.    Defendant Freda L. Wolfson is chief judge of the U.S. District Court for New

8  Jersey.

9    a63.    Defendant John P. Bailey is chief judge of the U.S. District Court for northern

10  West Virginia.

11    a64.    Defendant S. Maurice Hicks, Jr., is chief judge of the U.S. District Court for

12  western Louisiana.

13    a65.    Defendant Sara E. Lioi is a district judge at the U.S. District Court for northern

14  Ohio.

15    a66.    Defendant Jon E. DeGuilio is chief judge of the U.S. District Court for northern

16  Indiana.

17    a67.    Defendant John R. Tunheim is chief judge of the U.S. District Court for

18  Minnesota.

19    a68.    Defendant Leslie E. Kobayashi is a district judge at the U.S. District Court for

20  Hawaii.

21    a69.    Defendant Claire V. Eagan is a district judge at the U.S. District Court for

22  northern Oklahoma.

23    a70.    Defendant L. Scott Coogler is chief judge of the U.S. District Court for northern

24  Alabama.

a71.    Defendant Beryl A. Howell is chief judge of the U.S. District Court for the District of Columbia.

a72.    Defendant Bruce E. Reinhart is a magistrate judge at the U.S. District Court for southern Florida.

a73.    Defendant Mary H. Murguia is chief judge of U.S. Court of Appeals for the Ninth Circuit.

a74.    Defendant Sidney R. Thomas is a circuit judge at the Ninth Circuit.

a75.    Defendant Mary M. Schroeder is a senior circuit judge at the Ninth Circuit.

a76.    Defendant Barry G. Silverman is a senior circuit judge at the Ninth Circuit.

a77.    Defendant Richard A. Paez is a circuit judge at the Ninth Circuit.

a78.    Defendant Danielle J. Forrest, formerly known as Danielle J. Hunsaker, is a circuit judge at the Ninth Circuit.

a79.    Defendant Paul J. Watford is a circuit judge at the Ninth Circuit.

a80.    Defendant Mark J. Bennett is a circuit judge at the Ninth Circuit.

a81.    Defendant Lawrence VanDyke is a circuit judge at the Ninth Circuit.

a82.    Defendant N. Randy Smith is a senior circuit judge at the Ninth Circuit.

a83.    Defendant Morgan Christen is a circuit judge at the Ninth Circuit.

a84.    Defendant Sandra S. Ikuta is a circuit judge at the Ninth Circuit.

a85.    Defendant Michelle T. Friedland is a circuit judge at the Ninth Circuit.

a86.    Defendant Alex Kozinski is a former circuit judge at the Ninth Circuit.

a87.    Defendant J. Clifford Wallace is a senior circuit judge at the Ninth Circuit.

a88.    Defendant Richard C. Tallman is a senior circuit judge at the Ninth Circuit.

a89.    Defendant Richard R. Clifton is a senior circuit judge at the Ninth Circuit.

a90.    Defendant Alfred T. Goodwin is a senior circuit judge at the Ninth Circuit.

a91.   Defendant Dorothy W. Nelson is a senior circuit judge at the Ninth Circuit.

a92.   Defendant William C. Canby, Jr., is a senior circuit judge at the Ninth Circuit.

a93.   Defendant Diarmuid F. O'Scannlain is a senior circuit judge at the Ninth Circuit.

a94.   Defendant Edward Leavy is a senior circuit judge at the Ninth Circuit.

a95.   Defendant Stephen Trott is a senior circuit judge at the Ninth Circuit.

a96.   Defendant Ferdinand F. Fernandez is a senior circuit judge at the Ninth Circuit.

a97.   Defendant Andrew J. Kleinfeld is a senior circuit judge at the Ninth Circuit.

a98.   Defendant Michael Daly Hawkins is a senior circuit judge at the Ninth Circuit.

a99.   Defendant A. Wallace Tashima is a senior circuit judge at the Ninth Circuit.

a100.  Defendant Susan P. Graber is a circuit judge at the Ninth Circuit.

a101.  Defendant M. Margaret McKeown is a circuit judge at the Ninth Circuit.

a102.  Defendant Kim McLane Wardlaw is a circuit judge at the Ninth Circuit.

a103.  Defendant William A. Fletcher is a circuit judge at the Ninth Circuit.

a104.  Defendant Ronald M. Gould is a circuit judge at the Ninth Circuit.

a105.  Defendant Marsha S. Berzon is a circuit judge at the Ninth Circuit.

a106.  Defendant Johnnie B. Rawlinson is a circuit judge at the Ninth Circuit.

a107.  Defendant Jay S. Bybee is a senior circuit judge at the Ninth Circuit.

a108.  Defendant Consuelo M. Callahan is a circuit judge at the Ninth Circuit.

a109.  Defendant Carlos T. Bea is a senior circuit judge at the Ninth Circuit.

a110.  Defendant Milan D. Smith, Jr., is a circuit judge at the Ninth Circuit.

a111.  Defendant Jacqueline H. Nguyen is a circuit judge at the Ninth Circuit.

a112.  Defendant Andrew D. Hurwitz is a circuit judge at the Ninth Circuit.

a113.  Defendant John B. Owens is a circuit judge at the Ninth Circuit.

a114.  Defendant Ryan D. Nelson is a circuit judge at the Ninth Circuit.

1    a115.   Defendant Eric D. Miller is a circuit judge at the Ninth Circuit.

2    a116.   Defendant Bridget S. Bade is a circuit judge at the Ninth Circuit.

3    a117.   Defendant Daniel P. Collins is a circuit judge at the Ninth Circuit.

4    a118.   Defendant Kenneth Kiyul Lee is a circuit judge at the Ninth Circuit.

5    a119.   Defendant Daniel A. Bress is a circuit judge at the Ninth Circuit.

6    a120.   Defendant Patrick J. Bumatay is a circuit judge at the Ninth Circuit.

7    a121.   Defendant Lucy H. Koh is a circuit judge at the Ninth Circuit and a former district

8  judge at this court.

9    a122.   Defendant Jeffrey R. Howard is chief judge of the First Circuit.

10    a123.   Defendant Debra A. Livingston is chief judge of the Second Circuit.

11    a124.   Defendant Michael A. Chagares is chief judge of the Third Circuit.

12    a125.   Defendant Roger L. Gregory is chief judge of the Fourth Circuit.

13    a126.   Defendant Priscilla R. Owen is chief judge of the Fifth Circuit.

14    a127.   Defendant Jeffrey S. Sutton is chief judge of the Sixth Circuit.

15    a128.   Defendant Diane S. Sykes is chief judge of the Seventh Circuit.

16    a129.   Defendant Lavenski R. Smith is chief judge of the Eighth Circuit.

17    a130.   Defendant Timothy M. Tymkovich is chief judge of the Tenth Circuit.

18    a131.   Defendant William H. Pryor, Jr., is chief judge of the Eleventh Circuit.

19    a132.   Defendant Srikanth Srinivasan is chief judge of the D.C. Circuit.

20    a133.   Defendant Kimberly A. Moore is chief judge of the Federal Circuit.

21    a134.   Defendant Pasco M. Bowman is a senior circuit judge at the Eighth Circuit.

22    a135.   Defendant J. Harvie Wilkinson III is a circuit judge at the Fourth Circuit.

23    a136.   Defendant Lisa B. Fitzgerald is interim commissioner at the Ninth Circuit.

24    a137.   Defendant Susan Y. Soong is circuit executive ("CE") of the Ninth Circuit and a

1    former clerk at this court.

2        a138.    Defendant Elizabeth A. Smith is a former CE of the Ninth Circuit ("FCE").

3        a139.    Defendant Molly C. Dwyer is clerk of the Ninth Circuit.

4        a140.    Defendant Jessica Poblete Dela Cruz is a deputy clerk at the Ninth Circuit.

5        a141.    Defendant John G. Roberts, Jr., is chief justice of the United States.

6        a142.    Defendant Anthony M. Kennedy is a former associate justice at the U.S. Supreme
7    Court.

8        a143.    Defendant Clarence Thomas is an associate justice at the U.S. Supreme Court.

9        a144.    Defendant Stephen G. Breyer is a former associate justice at the U.S. Supreme
10   Court.

11       a145.    Defendant Ruth Bader Ginsburg was a former associate justice at the U.S.
12   Supreme Court.

13       a146.    Defendant Samuel A. Alito, Jr., is an associate justice at the U.S. Supreme Court.

14       a147.    Defendant Sonia Sotomayor is an associate justice at the U.S. Supreme Court.

15       a148.    Defendant Elena Kagan is an associate justice at the U.S. Supreme Court.

16       a149.    Defendant Joseph R. Biden, Jr., is president of the United States. President Biden
17   is being sued for his acts as president-elect of the United States and for interfering with governor
18   Newsom's September 14, 2021 recall election.

19       a150.    Defendant Kamala D. Harris is vice president ("VP") of the United States and a
20   former attorney general of California ("FCAG"). VP Harris is being sued for interfering with
21   governor Newsom's September 14, 2021 recall election as well.

22       a151.    Defendant Merrick B. Garland is Attorney General of the United States ("AG").

23       a152.    Defendant Xavier Becerra is secretary of Health and Human Services ("HHS") of
24   the United States and a FCAG.

1    a153.   Defendant Barack H. Obama is a former president of the United States.

2    a154.   Defendant Eric H. Holder, Jr., is a former Attorney General of the Untied States

3    ("FAG").

4    a155.   Defendant Jefferson B. Sessions III is a FAG.

5    a156.   Defendant William P. Barr is a FAG.

6    a157.   Defendant Lisa O. Monaco is Deputy Attorney General of the United States

7    ("DAG").

8    a158.   Defendant Donald B. Verrilli, Jr., is a former Solicitor General of the United

9    States ("FSG").

10   a159.   Defendant Christopher A. Wray is director of the Federal Bureau Investigation

11   ("FBI").

12   a160.   Defendant Juan Antonio Gonzalez, Jr., is U.S. attorney for southern Florida.

13   a161.   Defendant Stephanie M. Hinds is U.S. attorney for northern California.

14   a162.   Defendant Melinda Haag is a former U.S. attorney for northern California

15   ("FUSA").

16   a163.   Defendant Brian J. Stretch is a FUSA.

17   a164.   Defendant David L. Anderson is a FUSA.

18   a165.   Defendant Michelle Lo is an AUSA at USAO.

19   a166.   Defendant Pamela T. Johann is an AUSA at USAO.

20   a167.   Defendant Jevechius D. Bernardoni is an AUSA at USAO.

21   a168.   Defendant Sara Winslow is a former AUSA at USAO.

22   a169.   Defendant James A. Scharf is an AUSA at USAO.

23   a170.   Defendant Claire T. Cormier is a former AUSA at USAO.

24   a171.   Defendant John E. Potter is a former Postmaster General of the United States

1    ("FPMG").

2        a172.   Defendant Patrick R. Donahoe is a FPMG.

3        a173.   Defendant Megan Brennan is a FPMG.

4        a174.   Defendant Alex Padilla is a U.S. senator for California and a former CSS.

5        a175.   Defendant Nancy P. Pelosi is speaker of the U.S. House of Representatives.

6        a176.   Defendant Jared W. Huffman is U.S. representative for the 2nd congressional

7    district of California.

8        a177.   Defendant John R. Garamendi is U.S. representative for the 3rd congressional

9    district of California.

10       a178.   Defendant C. Michael Thompson is U.S. representative for the 5th congressional

11   district of California.

12       a179.   Defendant Doris O. Matsui is U.S. representative for the 6th congressional district

13   of California.

14       a180.   Defendant Amerish B. Bera is U.S. representative for the 7th congressional

15   district of California.

16       a181.   Defendant Jerry McNerney is U.S. representative for the 9th congressional district

17   of California.

18       a182.   Defendant Joshua K. Harder is U.S. representative for the 10th congressional

19   district of California.

20       a183.   Defendant Mark DeSaulnier is U.S. representative for the 11th congressional

21   district of California.

22       a184.   Defendant Barbara J. Lee is U.S. representative for the 13th congressional district

23   of California.

24       a185.   Defendant K. L. Jacqueline Speier is U.S. representative for California's 14th

1    congressional district.

2        a186.    Defendant Eric M. Swalwell is U.S. representative for the 15th congressional

3    district of California.

4        a187.    Defendant James M. Costa is U.S. representative for the 16th congressional

5    district of California.

6        a188.    Defendant Rohit Khanna is U.S. representative for the 17th congressional district

7    of California.

8        a189.    Defendant Anna G. Eshoo is U.S. representative for the 18th congressional

9    district of California.

10       a190.    Defendant Zoe Lofgren is U.S. representative for the 19th congressional district

11   of California.

12       a191.    Defendant James V. Panetta is U.S. representative for the 20th congressional

13   district of California.

14       a192.    Defendant Salud O. Carbajal is U.S. representative for the 24th congressional

15   district of California.

16       a193.    Defendant Julia A. Brownley is U.S. representative for the 26th congressional

17   district of California.

18       a194.    Defendant Judy M. Chu is U.S. representative for the 27th congressional district

19   of California.

20       a195.    Defendant Adam B. Schiff is U.S. representative for the 28th congressional

21   district of California.

22       a196.    Defendant Antonio Cardenas is U.S. representative for the 29th congressional

23   district of California.

24       a197.    Defendant Bradley J. Sherman is U.S. representative for the 30th congressional

1     district of California.

2          a198.   Defendant Peter R. Aguilar is U.S. representative for the 31st congressional

3     district of California.

4          a199.   Defendant Graciela F. Napolitano is U.S. representative for California's 32nd

5     congressional district.

6          a200.   Defendant Ted W. Lieu is U.S. representative for the 33rd congressional district

7     of California.

8          a201.   Defendant Jimmy Gomez is U.S. representative for the 34th congressional district

9     of California.

10          a202.   Defendant Norma J. Torres is U.S. representative for the 35th congressional

11     district of California.

12          a203.   Defendant Raul Ruiz is U.S. representative for the 36th congressional district of

13     California.

14          a204.   Defendant Karen R. Bass is U.S. representative for the 37th congressional district

15     of California.

16          a205.   Defendant Linda T. Sanchez is U.S. representative for the 38th congressional

17     district of California.

18          a206.   Defendant Lucille E. Roybal-Allard is U.S. representative for California's 40th

19     congressional district.

20          a207.   Defendant Mark A. Takano is U.S. representative for the 41st congressional

21     district of California.

22          a208.   Defendant Maxine M. Waters is U.S. representative for the 43rd congressional

23     district of California.

24          a209.   Defendant Nanette D. Barragan is U.S. representative for the 44th congressional

1    district of California.

2        a210.   Defendant Katherine M. Porter is U.S. representative for the 45th congressional

3    district of California.

4        a211.   Defendant J. Luis Correa is U.S. representative for the 46th congressional district

5    of California.

6        a212.   Defendant Alan S. Lowenthal is U.S. representative for the 47th congressional

7    district of California.

8        a213.   Defendant Michael T. Levin is U.S. representative for the 49th congressional

9    district of California.

10       a214.   Defendant Juan C. Vargas is U.S. representative for the 51st congressional district

11   of California.

12       a215.   Defendant Scott H. Peters is U.S. representative for the 52nd congressional

13   district of California.

14       a216.   Defendant Sara J. Jacobs is U.S. representative for the 53rd congressional district

15   of California.

16       a217.   Defendant Jerrold L. Nadler is U.S. representative for the 10th congressional

17   district of New York and chairman of the House Judiciary Committee.

18       a218.   Defendant Jamin B. Raskin is U.S. representative for the 8th congressional district

19   of Maryland. Representative Raskin is being sued for having served as the lead House manager

20   in the second impeachment trial against former president Donald J. Trump.

21       a219.   Defendant Joaquin Castro is U.S. representative for the 20th congressional district

22   of Texas. Representative Castro is being sued for having served as a House manager in the

23   second impeachment trial against former president Trump.

a220.    Defendant David N. Cicilline is U.S. representative for the 1st congressional district of Rhode Island. Representative Cicilline is being sued for having served as a House manager in the second impeachment trial against former president Trump.

a221.    Defendant Madeleine Dean is U.S. representative for the 4th congressional district of Pennsylvania. Representative Dean is being sued for having served as a House manager in the second impeachment trial against former president Trump.

a222.    Defendant Diana L. DeGette is U.S. representative for the 1st congressional district of Colorado. Representative DeGette is being sued for having served as a House manager in the second impeachment trial against former president Trump.

a223.    Defendant Joseph D. Neguse is U.S. representative for the 2nd congressional district of Colorado. Representative Neguse is being sued for having served as a House manager in the second impeachment trial against former president Trump.

a224.    Defendant Members of the 107th Congress are U.S. senators or representatives who served between January 3, 2001 and January 3, 2003.

a225.    Defendant Twitter, Inc. ("Twitter") is a Delaware corporation with its principal place of business at 1355 Market Street, Suite 900, San Francisco, California.

a226.    Defendant Meta Platforms, Inc., formerly known as Facebook, Inc. ("Facebook"), is a Delaware corporation with its principal place of business at 1 Hacker Way, Menlo Park, California.

a227.    Defendant Google, Inc. ("Google") is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California.

a228.    Defendant the Charles Schwab Corporation ("Schwab") is a Delaware corporation with its principal place of business at 211 Main Street, San Francisco, California.

a229.    Defendant Pacific Gas and Electric Corporation ("PG&E") is a California

1    corporation with its principal place of business at 77 Beale Street, San Francisco, California.

2        a230.   Defendant David S. Poon is a retired dentist.

3        a231.   Defendant Alan T. Poon is a dentist and successor to defendant David S. Poon

4    with office at 425 E. Remington Drive, Suite 8, Sunnyvale, California.

5        a232.   Defendant Colin K. Au is a dentist with office at 1565 Hollenbeck Avenue, Suite

6    120, Sunnyvale, California.

7        a233.   Defendant Jessie Yu is a dentist with office at 1565 Hollenbeck Avenue, Suite

8    120, Sunnyvale, California.

9                    **FACTURAL BACKGROUND**

10       1.      On February 2, 2010, plaintiff filed an employment discrimination complaint

11   against United States Postal Service ("USPS") (Case No. 10-cv-464-RS, "*USPS I*"). On June 10,

12   2011, judge Seeborg summarily dismissed the case.

13       2.      On July 6, 2011, plaintiff appealed from the dismissal of *USPS I* to the Ninth

14   Circuit (Case No. 11-16653). In a unanimous decision judge Thomas, judge Schroeder, and

15   judge Silverman affirmed the dismissal of *USPS I* on July 20, 2012.

16       3.      On May 31, 2012, plaintiff brought a complaint against four postal employees

17   named in *USPS I* to this court (Case No. 12-cv-2789-LHK, "*USPS II*"). Judge Koh dismissed the

18   case on November 9, 2012.

19       4.      On February 12, 2013, plaintiff petitioned the U.S. Supreme Court for certiorari to

20   review the upholding of dismissal of *USPS I* by the Ninth Circuit (Case No. 12-1018). The high

21   court denied the petition on March 25, 2013.

22       5.      On August 7, 2013, plaintiff filed a complaint based on *USPS II* (Case No. 13-cv-

23   3676-SI, "*USPS III*"). Judge Illston dismissed the case on November 8, 2013.

6.    On September 25, 2013, plaintiff filed a complaint based on *USPS III* (Case No. 13-cv-4442-EMC, "*USPS IV*"). Judge Chen declared plaintiff a vexatious litigant and dismissed *USPS IV* on December 20, 2013. Moreover, the order subjects plaintiff's further complaints to pre-filing review by the general duty judge.

7.    On February 3, 2014, plaintiff brought a complaint to the clerk's office (Case No. 14-mc-80028-JSW, "*Screening I*"). Judge White dismissed the case on March 26, 2014.

8.    On June 10, 2014, plaintiff brought a complaint to the clerk's office (Case No. 14-mc-80174-BLF, "*Screening II*"). Judge Freeman dismissed the case on July 8, 2014.

8-1.    On July 7, 2014, plaintiff moved to intervene in a criminal case 14-cr-196-CRB ("*Criminal I*"). Judge Breyer denied the motion on July 8, 2014.

9.    On November 10, 2014, plaintiff brought a complaint to the clerk's office (Case No. 14-mc-80306-LHK, "*Screening III*"). Judge Chhabria dismissed the case on November 14, 2014.

10.    On December 18, 2014, plaintiff brought a complaint to the clerk's office (Case No. 14-mc-80342-WHA, "*Screening IV*"). Judge Alsup dismissed the case the same day.

11.    On January 22, 2015, plaintiff brought a complaint to the clerk's office (Case No. 15-mc-80031-YGR, "*Screening V*"). Judge Rogers dismissed the case on April 6, 2015.

12.    On May 29, 2015, plaintiff brought a complaint to the clerk's office  (Case No. 15-mc-80149-BLF, "*Screening VI*"). Judge Donato forwarded the complaint to judge Freeman who dismissed the case on June 5, 2015.

13.    On June 15, 2016, plaintiff's spouse transferred her interest in their residence to plaintiff. Two days later, DA Rosen sent a letter to plaintiff's spouse questioning if the transfer represented a real estate fraud. Santa Clara County Assessor's Office then terminated plaintiff's homeowner's exemption for the ensuing tax years.

14.     On October 7, 2016, plaintiff submitted a Citizen's Second Crime Report to both CAG's office and DA's office. Analyst McCrickard replied to the crime report on behalf of then CAG Harris on October 18, 2016, declining to take action. DDA Chase returned said crime report to plaintiff on August 24, 2017, taking no action either.

15.     Santa Clara County filed a case against the Trump administration on February 3, 2017 (Case No. 17-cv-514-WHO, "*Sanctuary County*"). On March 29, 2017, plaintiff moved to intervene in the case based on the Citizen's Second Crime Report. Judge Orrick next denied the motion to intervene on April 3, 2017.

16.     On October 17, 2019, plaintiff filed a case with the state court against assessor Stone, clerk Tonini, district judge Edward J. Davila, and the county (Case No. 19CV356670). USAO removed the case to this court on October 25, 2019 (Case No. 19-cv-7000-BLF, "*County I*"). Judge Freeman dismissed the case on February 26, 2020, after issuing a pre-filing screening order on December 5, 2019 based on judge Chen's vexatious litigant order, ¶ 6.

17.     On August 20, 2020, Santa Clara County DA's office instituted a criminal action against James Jensen, Harpaul Nahal, Michael Nichols, and Christopher Schumb at the state court (Case No. C2010724, "*Sheriff's Election*") because of their alleged criminal offenses in fundraising against the 2018 re-election of sheriff Laurie Smith.

18.     On October 28, 2020, plaintiff delivered a complaint based on *County I* and the Citizen's Second Crime Report to this court against FCAG Harris, analyst McCrickard, Santa Clara County, DA Rosen, DDA Chase, and assessor Stone. Nonetheless, the clerk's office has failed to file the case.

19.     On November 12, 2020, plaintiff filed a case with the state court against Santa Clara County, DA Rosen, DDA Chase, assessor Stone, FCAG Harris, FCAG Becerra, and others (Case No. 20cv372913). CAG's office removed the case to this court on December 16, 2020

1  (Case No. 20-cv-9097-VKD, "*County III*"). The clerk's office dismissed the case on December

2  22, 2020.

3        20.    On December 6, 2020, then president-elect Biden selected then CAG Becerra to

4  head the Department of Health and Human Services in his incoming administration.

5        21.    On December 22, 2020, governor Newsom appointed then CSS Padilla to fill then

6  VP-elect Harris' senate seat.

7        22.    On December 23, 2020, FAG Barr resigned from office.

8        23.    On December 28, 2020, plaintiff appealed from the dismissal of *County III*, ¶ 19,

9  to the Ninth Circuit (Case No. 21-15001, "*Appeal II*").

10        24.    On January 7, 2021, Congress certified Electoral College election of president

11  Biden and VP Harris following a violent protest in Washington, D.C. the day before.

12        25.    Citing the violence on Capitol Hill the day before, Facebook extended indefinitely

13  the block on former president Trump's account on January 7, 2021 as well.

14        26.    On January 8, 2021, Twitter permanently suspended former president Trump's

15  account because of the violent protest in D.C. two days before.

16        27.    Following both Twitter and Facebook's lead, Google suspended former president

17  Trump's YouTube account on January 12, 2021.

18        28.    On January 13, 2021, the U.S. House of Representatives voted to impeach former

19  president Trump for inciting the January 6 storming of the U.S. Capitol.

20        29.    On January 15, 2021, plaintiff filed a case based on *County III*, ¶ 19, with the state

21  court (Case No. 21CV375239, "*State I*").

22        29-1.    On May 6, 2021, CAG's office moved to declare plaintiff a vexatious litigant in

23  *State I*.

24        29-2.    On June 23, 2021, CC's office moved to declare plaintiff a vexatious litigant in

1  │ *State I* as well.

2  │    29-3.   On August 30, 2021, judge Rudy issued a tentative ruling in *State I* declaring

3  │ plaintiff a vexatious litigant and granting the requests for a pre-filing order by both CAG's and

4  │ CC's. The ruling also required plaintiff's appearance in the August 31 motion hearing in order to

5  │ determine the amount of security required.

6  │    29-4.   On August 31, 2021, judge Huber formalized judge Rudy's tentative ruling in

7  │ *State I*. Declaring plaintiff a vexatious litigant and granting the requests for a pre-filing order by

8  │ both CAG's and CC's offices, said judge set the bond at $5,000 each for suing the state or Santa

9  │ Clara County.

10 │    30.    On January 25, 2021, the House managers delivered an article of impeachment to

11 │ the Senate to commence the second impeachment trial against former president Trump.

12 │    31.    On February 13, 2021, the Senate concluded the second impeachment trial against

13 │ former president Trump without a conviction.

14 │    32.    On April 7, 2021, commissioner Fitzgerald denied plaintiff's January 15, 2021

15 │ motion in *Appeal II* for summary reversal of dismissing *County III*, ¶ 23.

16 │    33.    On May 11, 2021, judge Paez and judge Forrest denied plaintiff's three additional

17 │ motions in *Appeal II* for summary reversal of dismissing *County III*.

18 │    34.    On June 18, 2021, plaintiff submitted to the Ninth Circuit a judicial misconduct

19 │ complaint against judge Paez and judge Forrest based on their lack of action in *Appeal II*. FCE

20 │ Smith returned the complaint for correction on July 6, 2021.

21 │    35.    On July 13, 2021, judge Watford, judge Bennett, and judge VanDyke issued a

22 │ judgment denying plaintiff's May 20 motion in *Appeal II* for summary reversal of dismissing

23 │ *County III*.

36.    On July 25, 2021, plaintiff petitioned the Ninth Circuit for en banc rehearing on the July 13 judgment denying plaintiff's May 20 motion in *Appeal II* for summary reversal of dismissing *County III*. The Ninth Circuit denied the petition on October 14, 2021.

37.    On September 14, 2021, plaintiff brought a complaint based on *State I*, ¶ 29-4, to the clerk's office. Plaintiff filed the complaint on September 22 upon judge Freeman's approval to initiate another case (Case No. 21-cv-7361-BLF, "*State III*").

38.    On October 8, 2021, USAO removed *State I*, ¶ 29-4, to this court (Case No. 21-cv-7922-YGR, "*Removal II*").

39.    On October 14, 2021, judge Chen issued an order to stay the time for defendants in *Removal II* to answer or respond to the complaint pending pre-filing review as directed by judge Freeman in *County I*, ¶ 16.

40.    On October 22, 2021, CSS Weber certified the results of governor Newsom's recall election.

41.    On December 13, 2021, the U.S. Senate confirmed judge Koh's nomination to the Ninth Circuit.

42.    On February 10, 2022, judge Rogers dismissed *Removal II*, ¶ 39.

43.    On March 2, 2022, plaintiff filed the First Amended Complaint ("FAC") in *State III*, ¶ 37.

44.    Acting as advocate for defendants Santa Clara County, DA Rosen, assessor Stone, CC Williams, and registrar Bushey ("county defendants"), DCC Martinez moved to dismiss the FAC in *State III* on March 23, 2022.

45.    On May 10, 2022, judge Freeman dismissed the FAC in *State III*.

46.    Plaintiff moved to disqualify judge Freeman from *State III* on May 24, 2022. Said judge refer the motion to judge Tigar the same day.

47.    On June 6, 2022, USAO moved on behalf of all federal defendants to dismiss the FAC in *State III*, ¶ 43.

48.    On June 14, 2022, judge Tigar denied the motion to disqualify judge Freeman from *State III*, ¶ 46.

49.    On June 29, 2022, judge Freeman again dismissed the FAC in *State III*, ¶ 47.

50.    On July 25, 2022, plaintiff again moved to disqualify judge Freeman from *State III*. Plaintiff further moved to disqualify said judge from same case on August 11, 2022. Judge Orrick denied both motions on August 18, 2022.

51.    Plaintiff filed an updated initial complaint in *State III* on July 29, 2022 (Case No. 22-cv-4396-CRB, "*Refile I*"). On August 19, 2022, plaintiff submitted a FAC in the case to the clerk's office. Judge Breyer dismissed said initial complaint and ordered clerk Busby not to file the FAC on August 23, 2022.

52.    The FBI executed a search warrant at former president Trump's residence Mar-a-Lago in Florida on August 8, 2022.

53.    On August 29, 2022, plaintiff submitted another updated initial complaint in *State III* to the clerk's office. Judge Tigar dismissed *Refile I*, ¶ 51, and approved filing of the lodged complaint on September 2, 2022. On September 7, 2022, the clerk's office filed said complaint to commence the present case.

54.    Plaintiff moved for the fourth time to disqualify judge Freeman from *State III* on September 5, 2022. Judge Freeman denied the motion the next day.

# CLAIMS

1

c1.    Claim 1 Unconstitutionality of 28 U.S.C. § 351: § 351(a) permits any person to file a complaint with the circuit clerk alleging that a judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts or that such judge is unable to discharge all the duties of office by reason of mental or physical disability. Yet 28 U.S.C. § 1331 states that the district courts have original jurisdiction of all civil actions arising under the laws of the United States. And Federal Rule of Civil Procedure 3 states: "A civil action is commenced by filing a complaint with the court." Thus, the complainant should be directed to file the complaint with a district court instead. Moreover, a judge is not absolutely immune from criminal liability. *Ex parte Nielsen*, 100 U.S. 339, 348-349 (1880). Since § 547(1) requires each U.S. attorney to prosecute for all offenses against the United States within his district, § 351(b) precludes any federal judge from facing charges by a U.S. attorney. The provision shields such judges from criminal prosecution by U.S. Department of Justice. § 351 is unconstitutional for contradicting the doctrine of separation of powers.

c2.    Claim 2 Unconstitutionality of 28 U.S.C. § 352: § 352(b) permits a chief circuit judge to dismiss a complaint or conclude the proceeding without a hearing. Said statute denies a complainant the First Amendment right to petition the government for a redress of grievances, due process of law under the Fifth Amendment, the Seventh Amendment right to a jury trial, and equal protection of the laws under the Fourteenth Amendment. § 352(c) permits a complainant to petition the circuit judicial council for review of the final order of a chief circuit judge. § 352(d) authorizes the circuit judicial council to refer the petition for review to a panel of no fewer than 5 members of the council. Because a district court has original jurisdiction over the complaint, the court of appeals – instead of the circuit judicial council – should conduct the review. §§ 352(c), 352(d) are unconstitutional for undermining the doctrine of separation of powers.

1      c3.    <u>Claim 3 Unconstitutionality of 28 U.S.C. § 353</u>: § 353(a) requires the chief circuit

2  judge to appoint himself or herself and equal numbers of circuit and district judges of the circuit

3  to a special committee to investigate the facts and allegations contained in the complaint. As a

4  district court has original jurisdiction over the complaint, the chief circuit judge lacks jurisdiction

5  to act. Nonetheless, § 353(c) requires the special committee to conduct an investigation and file a

6  written report with recommendations for necessary and appropriate actions by the circuit judicial

7  council. § 353 is unconstitutional for subverting the doctrine of separation of powers.

8      c4.    <u>Claim 4 Unconstitutionality of 28 U.S.C. § 354</u>: § 354(a) authorizes the circuit

9  judicial council to act on a report filed under § 353(c) by the special committee. And § 354(b)

10 permits the circuit judicial council to refer any complaint under § 351, together with the record

11 of any associated proceedings and its recommendations for appropriate action, to the Judicial

12 Conference of the United States. Since said special committee lacks jurisdiction to file the report

13 authorized under § 353(c), ¶ c3, so does the circuit judicial council to act on said report. § 354 is

14 unconstitutional for offending against the doctrine of separation of powers.

15     c5.    <u>Claim 5 Unconstitutionality of 28 U.S.C. § 355</u>: § 355(a) authorizes the Judicial

16 Conference to act on the referral transmitted under § 354(b) by a circuit judicial council. Since

17 said judicial council lacks jurisdiction over the referral, ¶ c4, so does the Judicial Conference to

18 act. § 355 is unconstitutional for infringing on the doctrine of separation of powers.

19     c6.    <u>Claim 6 Unconstitutionality of 28 U.S.C. § 356</u>: § 356(a) provides:

20
21     In conducting any investigation under this chapter, the judicial council, or a
    special committee appointed under section 353, shall have full subpoena powers
22     as provided in section 332(d).
23
24 And § 356(b) provides:

25     In conducting any investigation under this chapter, the Judicial Conference, or a
26     standing committee appointed by the Chief Justice under section 331, shall have
27     full subpoena powers as provided in that section.
28

1    However, Federal Rule of Civil Procedure 45(a)(3) states:

2          The clerk must issue a subpoena, signed but otherwise in blank, to a party who
3          requests it. That party must complete it before service. An attorney also may issue
4          and sign a subpoena if the attorney is authorized to practice in the issuing court.
5
6    Neither the judicial council, a special committee appointed under § 353, the Judicial Conference,

7    or a standing committee appointed by the Chief Justice under § 331 represents a party named in

8    the complaint. § 356 constitutes manifest violation of the doctrine of separation of powers.

9          c7.    Claim 7 Unconstitutionality of 28 U.S.C. § 357: § 357(a) provides:

10         A complainant or judge aggrieved by an action of the judicial council under
11         section 354 may petition the Judicial Conference of the United States for review
12         thereof.
13
14   And § 357(b) provides:

15         The Judicial Conference, or the standing committee established under section 331,
16         may grant a petition filed by a complainant or judge under subsection (a).
17
18   Because the Judicial Conference lacks jurisdiction to act on the complaint, ¶ c5, § 357 interferes

19   with the doctrine of separations of powers and is unconstitutional.

20         c8.    Claim 8 Unconstitutionality of 28 U.S.C. § 358: § 358(b)(2) requires that the

21   judge whose conduct is the subject of a complaint be afforded an opportunity to present oral and

22   documentary evidence, to cross-examine witnesses, and to present argument orally or in writing.

23   Nevertheless, § 358(b)(3) requires that the complainant be afforded an opportunity to appear at

24   proceedings conducted by the investigating panel, if the panel concludes that the complainant

25   could offer substantial information. § 358 denies a complainant due process of law under the

26   Fifth Amendment and equal protection of the laws under the Fourteenth Amendment.

27         c9.    Claim 9 Unconstitutionality of 28 U.S.C. § 364: In the case of any judge who

28   is convicted of a felony under state or federal law and has exhausted all means of obtaining

29   direct review of the conviction, or the time for seeking further direct review of the conviction

30   has passed and no such review has been sought, § 364(1) provides:

> The judge shall not hear or decide cases unless the judicial council of the circuit (...) determines otherwise.

However, this provision directly contradicts Article III, Section 1 of the Constitution:

> The judicial Power of the United States, shall be vested in one supreme Court, and inferior Courts as the Congress may from time to time ordain and establish. The Judges, both of the supreme and inferior Courts, *shall hold their Offices during good Behaviour*, ...

Notably, the judicial council of a circuit is liable for criminal offenses committed by an accused judge, ¶¶ c55, c59, despite that such judge is yet to face prosecution under § 351(b), ¶ c1.

   c10.   <u>Claim 10 Civil Rights Violation</u>: On June 10, 2011, judge Seeborg summarily dismissed *USPS I* without giving plaintiff an opportunity to confront or cross-examine adverse witnesses, ¶ 1. Thus, judge Seeborg, former president Obama, FAG Holder, FUSA Haag, AUSA Scharf, FPMG Potter, and deputy clerk Salinas-Harwell have collaborated to deny plaintiff the First Amendment right to petition the government for a redress of grievances, due process of law under the Fifth Amendment, the Seventh Amendment right to a jury trial, and equal protection of the laws under the Fourteenth Amendment. Furthermore, judge Seeborg has issued said order under color of judicial immunity. Former president Obama, FAG Holder, FUSA Haag, AUSA Scharf, and FPMG Potter have acted under color of executive immunity. And so has deputy clerk Salinas-Harwell under color of quasi-judicial immunity.

   c11.   <u>Claim 11 Civil Rights Violation</u>: Judge Schroeder, judge Silverman, and judge Thomas affirmed the dismissal of *USPS I* on July 20, 2012 without oral argument, ¶ 2. In doing so, said defendants have colluded to deprive plaintiff of the First Amendment right to petition the government for a redress of grievances, due process of law under the Fifth Amendment, the Seventh Amendment right to a jury trial, and equal protection of the laws under the Fourteenth Amendment. Moreover, these judges have issued the ruling under color of judicial immunity.

1    c12.    Claim 12 Civil Rights Violation: On November 9, 2012, judge Koh dismissed

2    *USPS II* without a hearing, ¶ 3. Accordingly, judge Koh, FUSA Haag, AUSA Scharf, former

3    AUSA Cormier, FPMG Donahoe, and deputy clerk Salinas-Harwell have conspired to deny

4    plaintiff the First Amendment right to petition the government for a redress of grievances, due

5    process of law under the Fifth Amendment, the Seventh Amendment right to a jury trial, and

6    equal protection of the laws under the Fourteenth Amendment. Besides, judge Koh has issued

7    said order under color of judicial immunity. FUSA Haag, AUSA Scharf, former AUSA Cormier,

8    and FPMG Donahoe have acted under of executive immunity. And so has deputy clerk Salinas-

9    Harwell under color of quasi-judicial immunity.

10    c13.    Claim 13 Civil Rights Violation: On March 25, 2013, the Supreme Court denied

11    plaintiff's petition for a writ of certiorari to review the Ninth Circuit's upholding of dismissal of

12    *USPS I*, ¶ 4. Therefore, chief justice Roberts, justice Kennedy, justice Thomas, justice Breyer,

13    justice Alito, justice Sotomayor, justice Kagan, and FSG Verrilli have, and justice Ginsburg had,

14    collaborated to deprive plaintiff of the First Amendment right to petition the government for a

15    redress of grievances, due process of law under the Fifth Amendment, the Seventh Amendment

16    right to a jury trial, and equal protection of the laws under the Fourteenth Amendment. Besides,

17    chief justice Roberts, justice Kennedy, justice Thomas, justice Breyer, justice Alito, justice

18    Sotomayor, and justice Kagan have, and justice Ginsburg had, issued said ruling under color of

19    judicial immunity while FSG Verrilli has acted under color of executive immunity.

20    c14.    Claim 14 Civil Rights Violation: On November 8, 2013, judge Illston dismissed

21    *USPS III* without a hearing, ¶ 5. Thus, judge Illston, FUSA Haag, former AUSA Tse, and AUSA

22    Scharf have conspired to deny plaintiff the First Amendment right to petition the government for

23    a redress of grievances, due process of law under the Fifth Amendment, the Seventh Amendment

24    right to a jury trial, and equal protection of the laws under the Fourteenth Amendment. Judge

1    Illston has issued said order under color of judicial immunity while FUSA Haag, former AUSA

2    Tse, and AUSA Scharf have acted under color of executive immunity as well.

3        c15.    Claim 15 Civil Rights Violation: On December 20, 2013, judge Chen declared

4    plaintiff a vexatious litigant and dismissed *USPS IV* without a hearing, ¶ 6. In doing so, judge

5    Chen, FUSA Haag, former AUSA Tse, former AUSA Cormier, and manager Puli have colluded

6    to deprive plaintiff of the First Amendment right to petition the government for a redress of

7    grievances, due process of law under the Fifth Amendment, the Seventh Amendment right to a

8    jury trial, and equal protection of the laws under the Fourteenth Amendment. Moreover, judge

9    Chen has issued said order under color of judicial immunity. FUSA Haag, former AUSA Tse,

10   and former AUSA Cormier have acted under color of executive immunity. And so has manager

11   Puli under color of quasi-judicial immunity.

12       c16.    Claim 16 Civil Rights Violation: On March 26, 2014, judge White dismissed

13   *Screening I* without a hearing, ¶ 7, based on judge Chen's vexatious litigant order, ¶ 6. Judge

14   White has collaborated with judge Chen to deny plaintiff the First Amendment right to petition

15   the government for a redress of grievances, due process of law under the Fifth Amendment, the

16   Seventh Amendment right to a jury trial, and equal protection of the laws under the Fourteenth

17   Amendment. Furthermore, both judges have acted under color of judicial immunity.

18       c17.    Claim 17 Civil Rights Violation: On July 8, 2014, judge Freeman dismissed

19   *Screening II* without a hearing, ¶ 8, based on judge Chen's vexatious litigant order, ¶ 6. Thus,

20   judge Freeman has conspired with judge Chen to deprive plaintiff of the First Amendment right

21   to petition the government for a redress of grievances, due process of law under the Fifth

22   Amendment, the Seventh Amendment right to a jury trial, and equal protection of the laws under

23   the Fourteenth Amendment. Besides, both judges have acted under color of judicial immunity.

1    c18.    Claim 18 Civil Rights Violation: Judge Chhabria dismissed *Screening III* without

2    a hearing on November 14, 2014, ¶ 9, based on judge Chen's vexatious litigant order, ¶ 6. Judge

3    Chhabria has colluded with judge Chen to deny plaintiff the First Amendment right to petition

4    the government for a redress of grievances, due process of law under the Fifth Amendment, the

5    Seventh Amendment right to a jury trial, and equal protection of the laws under the Fourteenth

6    Amendment. Furthermore, both judges have acted under color of judicial immunity.

7    c19.    Claim 19 Civil Rights Violation: Judge Alsup dismissed *Screening IV* without a

8    hearing on December 18, 2014, ¶ 10, based on judge Chen's vexatious litigant order, ¶ 6. Thus,

9    judge Alsup has collaborated with judge Chen to deprive plaintiff of the First Amendment right

10    to petition the government for a redress of grievances, due process of law under the Fifth

11    Amendment, the Seventh Amendment right to a jury trial, and equal protection of the laws under

12    the Fourteenth Amendment. Besides, both judges have acted under color of judicial immunity.

13    c20.    Claim 20 Civil Rights Violation: Judge Rogers dismissed *Screening V* without a

14    hearing on April 6, 2015, ¶ 11, based on judge Chen's vexatious litigant order, ¶ 6. Hence judge

15    Rogers has colluded with judge Chen and FPMG Brennan to deny plaintiff the First Amendment

16    right to petition the government for a redress of grievances, due process of law under the Fifth

17    Amendment, the Seventh Amendment right to a jury trial, and equal protection of the laws under

18    the Fourteenth Amendment. Moreover, both judges have acted under color of judicial immunity

19    while FPMG Brennan has behaved under color of executive immunity.

20    c21.    Claim 21 Civil Rights Violation: Judge Freeman dismissed *Screening VI* without

21    a hearing on June 5, 2015, ¶ 12, based on judge Chen's vexatious litigant order, ¶ 6. Therefore,

22    judge Freeman has conspired with judge Donato and judge Chen to deprive plaintiff of the First

23    Amendment right to petition the government for a redress of grievances, due process of law

24    under the Fifth Amendment, the Seventh Amendment right to a jury trial, and equal protection

1    of the laws under the Fourteenth Amendment. Furthermore, said judges have acted under color

2    of judicial immunity.

3        c22.    <u>Claim 22 Civil Rights Violation</u>: After plaintiff's spouse transferred her interest

4    in their residence to plaintiff on June 15, 2016, the county assessor's office terminated plaintiff's

5    homeowner's exemption for the ensuing tax years without a hearing, ¶ 13. Santa Clara County,

6    assessor Stone, and clerk Tonini have collaborated to deny plaintiff the Fourth Amendment right

7    against unreasonable seizures and due process of law under the Fourteenth Amendment. Besides,

8    assessor Stone and clerk Tonini have acted under color of executive immunity.

9        c23.    <u>Claim 23 Civil Rights Violation</u>: Both CAG's office and DA's office have evaded

10   initiating investigation in response to plaintiff's October 7, 2016 crime report, ¶ 14. Thus, FCAG

11   Harris, analyst McCrickard, DA Rosen, and DDA Chase have colluded to deprive plaintiff of the

12   First Amendment right to petition the government for a redress of grievances and due process of

13   law as well as equal protection of the laws under the Fourteenth Amendment. Furthermore, said

14   defendants have acted under color of prosecutorial immunity.

15       c24.    <u>Claim 24 Civil Rights Violation</u>: On April 3, 2017, judge Orrick denied plaintiff's

16   motion to intervene in *Sanctuary County* without a hearing, ¶ 15. Judge Orrick has conspired

17   with FAG Sessions and FUSA Stretch to deny plaintiff the First Amendment right to petition the

18   government for a redress of grievances, due process of law under the Fifth Amendment, and

19   equal protection of the laws under the Fourteenth Amendment. Besides, judge Orrick has issued

20   said order under color of judicial immunity. And FAG Sessions and FUSA Stretch have acted

21   under color of both executive immunity and prosecutorial immunity.

22       c25.    <u>Claim 25 Civil Rights Violation</u>: On February 26, 2020, judge Freeman dismissed

23   *County I* without a hearing, ¶ 16. Judge Freeman has collaborated with judge Chen, FUSA

24   Anderson, former AUSA Winslow, AUSA Scharf, CC Williams, DCC Sandoval, and DCC

1  Dhadialla to deprive plaintiff of the First Amendment right to petition the government for a

2  redress of grievances, due process of law under the Fifth Amendment, the Seventh Amendment

3  right to a jury trial, and equal protection of the laws under the Fourteenth Amendment. Both

4  judge Freeman and judge Chan have acted under color of judicial immunity. And so have FUSA

5  Anderson, former AUSA Winslow, AUSA Scharf, CC Williams, DCC Sandoval, and DCC

6  Dhadialla under color of executive immunity.

7      c26.    Claim 26 Civil Rights Violation: FCAG Becerra has blindly supported DA's

8  office in *Sheriff's Election*, ¶ 17. FCAG Becerra has conspired with DA Rosen and DDA Chase

9  to sustain violation of plaintiff's civil rights as set forth in ¶ c23. Furthermore, said defendants

10  have acted under color of prosecutorial immunity.

11      c27.    Claim 27 Civil Rights Violation: The clerk's office has evaded filing plaintiff's

12  complaint delivered to the court on October 28, 2020, ¶ 18. Judge Hamilton – then chief judge

13  of the court – has colluded with former clerk Soong and manager Puli to deny plaintiff the First

14  Amendment right to petition the government for a redress of grievances, due process of law

15  under the Fifth Amendment, the Seventh Amendment right to a jury trial, and equal protection of

16  the laws under the Fourteenth Amendment. Moreover, judge Hamilton has acted under color of

17  judicial immunity. And so has either former clerk Soong or manager Puli under color of quasi-

18  judicial immunity.

19      c28.    Claim 28 Civil Rights Violation: The clerk's office dismissed *County III* based on

20  judge Freeman's pre-filing screening order, ¶ 16, on December 22, 2020, ¶ 19. Judge Freeman

21  has collaborated with judge DiMarchi, FCAG Becerra, DCAG Vincent, DCAG Curtis, DCAG

22  Pasquali, manager Puli, deputy clerk Walton, and deputy clerk Miyashiro to deprive plaintiff of

23  the First Amendment right to petition the government for a redress of grievances, due process of

24  law under the Fifth Amendment, the Seventh Amendment right to a jury trial, as well as equal

1  protection of the laws under the Fourteenth Amendment. Said defendants have acted under color

2  of judicial immunity, quasi-judicial immunity or executive immunity respectively.

3      c29.    Claim 29 Civil Rights Violation: Dismissal of *County III* has implicated registrar

4  Bushey for having certified the 2018 re-elections of both assessor Stone and DA Rosen. Hence

5  registrar Bushey has conspired with assessor Stone and DA Rosen to prolong infringement of

6  plaintiff's civil rights as set for the in ¶¶ c22, c23. Besides, the named defendants have acted

7  under color of either executive immunity or prosecutorial immunity.

8      c30.    Claim 30 Civil Rights Violation: Dismissal of *County III* has incriminated former

9  CSS Padilla for having certified FCAG Harris' election to U.S. Senate in 2016 and her election

10  as vice president-elect of this nation in 2020. Former CSS Padilla has colluded with VP Harris to

11  legitimize violation of plaintiff's civil rights as set forth in ¶ c23. Furthermore, said defendants

12  have acted under color of executive immunity or prosecutorial immunity.

13      c31.    Claim 31 Civil Rights Violation: Dismissal of *County III* has implicated president

14  Biden for having selected FCAG Becerra to head the Department of Health and Human Services

15  in his administration. Thus, resident Biden have collaborated with secretary Becerra to continue

16  infringement of plaintiff's civil rights as set forth in ¶ c26. Moreover, president Biden has acted

17  under color of presidential immunity. So has secretary Becerra under color of prosecutorial

18  immunity.

19      c32.    Claim 32 Civil Rights Violation: Dismissal of *County III* has failed to legitimize

20  the appointment of then CSS Padilla to fill VP Harris' senate seat, ¶ 21. Governor Newsom has

21  conspired with senator Padilla to prolong violation of plaintiff's civil rights as set forth in ¶ c30.

22  Besides, both defendants have acted under color of executive immunity.

23      c33.    Claim 33 Civil Rights Violation: Plaintiff petitioned FAG Barr to intervene in

24  *County III* on November 24, 2020. However, FAG Barr resigned from office on December 23,

1  2020, ¶ 22, without responding to the petition. Therefore, FAG Barr has deprived plaintiff of the

2  First Amendment right to petition the government for a redress of grievances, due process of law

3  under the Fifth Amendment, and equal protection of the laws under the Fourteenth Amendment.

4  Furthermore, FAG Barr has acted under color of prosecutorial immunity.

5       c34.    Claim 34 Civil Rights Violation: The U.S. House of representatives voted on

6  January 13, 2021 to impeach former president Trump, ¶ 28. Since then CSS Padilla has certified

7  the election of speaker Pelosi as well as representatives Huffman, Garamendi, Thompson, Masui,

8  Bera, McNerney, Harder, DeSaulnier, Lee, Speier, Swalwell, Costa, Khanna, Eshoo, Lofgren,

9  Panetta, Carbajal, Brownley, Chu, Schiff, Cardenas, Sherman, Aguilar, Napolitano, Lieu,

10  Gomez, Torres, Ruiz, Bass, Sanchez, Roybal-Allard, Takano, Waters, Barragan, Porter, Correa,

11  Levin, Lowenthal, Vargas, Peters, and Jacobs, said members of the House have conspired to cast

12  their votes so as to prolong violation of plaintiff's civil rights as set forth in ¶¶ c30, c32. Besides,

13  said defendants have acted under color of legislative immunity.

14       c35.    Claim 35 Civil Rights Violation: On January 25, 2021, the House commenced the

15  second impeachment trial against former president Trump, ¶ 30. Representatives Nadler, Raskin,

16  Castro, Cicilline, Dean, DeGette, Lieu, Neguse, and Swalwell have conspired to sustain violation

17  of plaintiff's civil rights as set forth in ¶¶ c30, c32. Besides, said defendants have acted under

18  color of legislative immunity.

19       c36.    Claim 36 Civil Rights Violation: Facebook extended indefinitely the block on

20  former president Trump's account on January 7, 2021, ¶ 25. Thus, the defendant has prolonged

21  infringement of plaintiff's civil rights as set forth in ¶ c28.

22       c37.    Claim 37 Civil Rights Violation: Twitter permanently suspended former president

23  Trump's account on January 8, 2021, ¶ 26. Said defendant has continued violation of plaintiff's

24  civil rights as set forth in ¶ c28.

1   c38. Claim 38 Civil Rights Violation: On January 12, 2021, Google suspended former

2 president Trump's YouTube account, ¶ 27. In doing so, the defendant has sustained infringement

3 of plaintiff's civil rights as set forth in ¶ c28.

4   c39. Claim 39 Civil Rights Violation: On April 7, 2021, commissioner Fitzgerald

5 denied plaintiff's January 15, 2021 motion in *Appeal II* for summary reversal of dismissing

6 *County III* without a hearing, ¶ 32. Commissioner Fitzgerald has collaborated with clerk Dwyer,

7 deputy clerk Dela Cruz, FCAG Becerra, FCAG Harris, analyst McCrickard, DCAG Curtis,

8 DCAG Pasquali, Santa Clara County, DA Rosen, DDA Chase, assessor Stone, CC Williams, and

9 DCC Martinez to deprive plaintiff of the First Amendment right to petition the government for a

10 redress of grievances, due process of law under the Fifth Amendment, the Seventh Amendment

11 right to a jury trial, and equal protection of the laws under the Fourteenth Amendment. And said

12 defendants have acted under color of judicial immunity, quasi-judicial immunity, prosecutorial

13 immunity or executive immunity respectively.

14   c40. Claim 40 Civil Rights Violation: The Judicial Conference has evaded modifying

15 or abrogating Circuit Rule 27-7 of the Ninth Circuit authorizing commissioner Fitzgerald to deny

16 plaintiff's motion in *Appeal II* for summary reversal of dismissing *County III*, ¶ 32. Chief justice

17 Roberts as well as judges Howard, Livingston, Underhill, Chagares, Wolfson, Gregory, Bailey,

18 Owen, Hicks, Sutton, Lioi, Sykes, DeGuilio, Lavenski Smith, Tunheim, Murguia, Kobayashi,

19 Tymkovich, Eagan, Pryor, Coogler, Srinivasan, Howell, and Moore have conspired to deprive

20 plaintiff of civil rights as set forth in ¶ c39. Furthermore, said defendants have acted under color

21 of judicial immunity.

22   c41. Claim 41 Civil Rights Violation: Judge Paez and judge Forrest denied plaintiff's

23 three additional motions in *Appeal II* for summary reversal of dismissing *County III* without a

24 hearing on May 11, 2021, ¶ 33. Hence judge Paez and judge Forrest have colluded to deprive

1    plaintiff of the First Amendment right to petition the government for a redress of grievances, due

2    process of law under the Fifth Amendment, the Seventh Amendment right to a jury trial, and

3    equal protection of the laws under the Fourteenth Amendment. Moreover, both judges have acted

4    under color of judicial immunity.

5         c42.    Claim 42 Civil Rights Violation: The Judicial Conference has failed to modify or

6    abrogate Federal Rule of Appellate Procedure 27(e) permitting the denial of plaintiff's three

7    additional motions in *Appeal II* for summary reversal of dismissing *County III*, ¶ 33. Thus, chief

8    justice Roberts as well as judges Howard, Livingston, Underhill, Chagares, Wolfson, Gregory,

9    Bailey, Owen, Hicks, Sutton, Lioi, Sykes, DeGuilio, Lavenski Smith, Tunheim, Kobayashi,

10   Murguia, Tymkovich, Eagan, Pryor, Coogler, Srinivasan, Howell, and Moore have conspired to

11   deprive plaintiff of civil rights as set forth in ¶ c41. Moreover, said defendants have acted under

12   color of judicial immunity.

13        c43.    Claim 43 Civil Rights Violation: On July 6, 2021, FCE Smith returned plaintiff's

14   judicial misconduct complaint against judge Paez and judge Forrest for correction, ¶ 34. Thus,

15   judge Thomas – as then chief judge of the Ninth Circuit – and FCE Smith have collaborated to

16   deny plaintiff the First Amendment right to petition the government for a redress of grievances,

17   due process of law under the Fifth Amendment, the Seventh Amendment right to a jury trial, and

18   equal protection of the laws under the Fourteenth Amendment. Besides, judge Thomas has acted

19   under color of judicial immunity. And so has FCE Smith under color of quasi-judicial immunity.

20        c44.    Claim 44 Civil Rights Violation: On July 6, 2021, FCE Smith returned plaintiff's

21   judicial misconduct complaint against judge Paez and judge Forrest because of the Ninth Circuit

22   judicial council's September 18, 2013 pre-filing review order, ¶ 34. Therefore, judges Kozinski,

23   Wallace, Thomas, Tallman, Clifton, Beistline, King, Wilken, Ishii, and McNamee have colluded

24   to deprive plaintiff of civil rights as set forth in ¶ c43. Furthermore, said defendants have acted

1  under color of judicial immunity.

2      c45.   Claim 45 Civil Rights Violation: Chief justice Roberts has appointed the Judicial

3  Conduct and Disability Act Study Committee of the Judicial Conference in implementing the

4  Judicial Conduct and Disability Act of 1980. Chief justice Roberts, justice Breyer, as well as

5  judges Barker, Bowman, Hornby, and Wilkinson have colluded to deny plaintiff civil rights as

6  set forth in ¶¶ c43, c44. Moreover, said defendants have acted under color of judicial immunity.

7      c46.   Claim 46 Civil Rights Violation: The 107th Congress enacted in 2002 the Judicial

8  Conduct and Disability Act of 1980 as implemented in ¶ c45. Members of the 107th Congress

9  have collaborated to deprive plaintiff of civil rights as set forth in ¶¶ c43, c44. Moreover, said

10  defendants have acted under color of legislative immunity.

11      c47.   Claim 47 Civil Rights Violation: On July 13, 2021, judge Watford, judge Bennett,

12  and judge VanDyke issued a judgment denying plaintiff's May 20, 2021 motion in *Appeal II* for

13  summary reversal of dismissing *County III* without a hearing, ¶ 35. Therefore, said judges have

14  conspired to deny plaintiff the First Amendment right to petition the government for a redress of

15  grievances, due process of law under the Fifth Amendment, the Seventh Amendment right to a

16  jury trial, and equal protection of the laws under the Fourteenth Amendment. Furthermore, these

17  defendants have acted under color of judicial immunity.

18      c48.   Claim 48 Civil Rights Violation: The Judicial Conference has evaded modifying

19  or abrogating Federal Rule of Appellate Procedure 34(a)(2) permitting issuance of the judgment

20  in *Appeal II* without a hearing, ¶ 35. Chief justice Roberts as well as judges Howard, Livingston,

21  Underhill, Chagares, Wolfson, Gregory, Bailey, Owen, Hicks, Sutton, Lioi, Sykes, DeGuilio,

22  Lavenski Smith, Tunheim, Kobayashi, Murguia, Tymkovich, Eagan, Pryor, Coogler, Srinivasan,

23  Howell, and Moore have colluded to deprive plaintiff of civil rights as set forth in ¶ c47. Besides,

24  said defendants have acted under color of judicial immunity.

1        c49.    <u>Claim 49 Civil Rights Violation</u>: On October 14, 2021, the Ninth Circuit denied

2  plaintiff's petition for rehearing en banc in *Appeal II* without a hearing, ¶ 36. Judges Thomas,

3  Goodwin, Wallace, Schroeder, Dorothy Nelson, Canby, O'Scannlain, Leavy, Trott, Fernandez,

4  Kleinfeld, Hawkins, Tashima, Silverman, Graber, McKeown, Wardlaw, Fletcher, Gould, Paez,

5  Berzon, Tallman, Rawlinson, Clifton, Bybee, Callahan, Bea, Milan Smith, Ikuta, Randy Smith,

6  Murguia, Christen, Nguyen, Watford, Hurwitz, Owens, Friedland, Bennett, Ryan Nelson, Miller,

7  Bade, Collins, Lee, Bress, Forrest, Bumatay, and VanDyke have collaborated to deprive plaintiff

8  of the First Amendment right to petition the government for a redress of grievances, due process

9  of law under the Fifth Amendment, the Seventh Amendment right to a jury trial, as well as equal

10  protection of the laws under the Fourteenth Amendment. Furthermore, these defendants have

11  acted under color of judicial immunity.

12        c50.    <u>Claim 50 Civil Rights Violation</u>: The Judicial Conference has failed to modify or

13  abrogate Federal Rule of Appellate Procedure 35 authorizing denial of the petition for rehearing

14  en banc in *Appeal II* without a hearing, ¶ 36. Chief justice Roberts as well as judges Howard,

15  Livingston, Underhill, Chagares, Wolfson, Gregory, Bailey, Owen, Hicks, Sutton, Lioi, Sykes,

16  DeGuilio, Lavenski Smith, Tunheim, Kobayashi, Murguia, Tymkovich, Eagan, Pryor, Coogler,

17  Srinivasan, Howell, and Moore have conspired to deprive plaintiff of civil rights as set forth in

18  ¶ c49. Moreover, said defendants have acted under color of judicial immunity.

19        c51.    <u>Claim 51 Civil Rights Violation</u>: On August 31, 2021, judge Huber formalized

20  judge Rudy's tentative ruling in *State I*. Declaring plaintiff a vexatious litigant and granting the

21  requests for a pre-filing order by both CAG's and CC's offices, said judge set the bond at $5,000

22  each for suing the state or Santa Clara County, ¶ 29-4. Therefore, judge Huber has colluded with

23  judge Rudy, attorney Mikkelsen, CAG Bonta, DCAG Curtis, DCAG Pasquali, CC Williams, and

24  DCC Martinez to deprive plaintiff of the First Amendment right to petition the government for a

1    redress of grievances, the Seventh Amendment right to a jury trial, and due process of law as

2    well as equal protection of the laws under the Fourteenth Amendment. Besides, these defendants

3    have acted under color of judicial immunity, quasi-judicial immunity or executive immunity.

4        c52.    <u>Claim 52 Civil Rights Violation</u>: With support from then governor Brown and the

5    State Bar, the state legislature adopted in 1963 the vexatious litigant statute, California Code of

6    Civil Procedure §§ 391-391.8, authorizing the vexatious litigant motions in *State I*, ¶¶ 29.1-29.4.

7    The state legislature has collaborated with former governor Brown and the State Bar to deprive

8    plaintiff of civil rights as set forth in ¶ c51. Furthermore, said defendants have acted under color

9    of legislative immunity, executive immunity or quasi-judicial immunity respectively.

10        c53.    <u>Claim 53 Civil Rights Violation</u>: On October 14, 2021, judge Chen ordered to

11    stay the time for defendants in *Removal II* to answer or respond to the complaint pending pre-

12    filing review, ¶ 39, as directed by judge Freeman in *County I*, ¶ 16. Therefore, judge Chen has

13    conspired with judge Freeman, U.S. attorney Hinds, AUSA Lo, AUSA Johann, CAG Bonta,

14    DCAG Curtis, DCAG Pasquali, CC Williams, and DCC Martinez to deny plaintiff the First

15    Amendment right to petition the government for a redress of grievances, due process of law

16    under the Fifth Amendment, the Seventh Amendment right to a jury trial, and equal protection of

17    the laws under the Fourteenth Amendment. Moreover, these defendants have acted under color

18    of judicial immunity or executive immunity respectively.

19        c54.    <u>Claim 54 Civil Rights Violation</u>: On February 10, 2022, judge Rogers dismissed

20    *Removal II* without a hearing, ¶ 43. In doing so, judge Rogers has colluded with judge Beeler,

21    former acting clerk Shambaugh, U.S. attorney Hinds, AUSA Lo, AUSA Johann, CAG Bonta,

22    DCAG Curtis, DCAG Pasquali, CC Williams, and DCC Martinez to deprive plaintiff of the

23    First Amendment right to petition the government for a redress of grievances, due process of law

24    under the Fifth Amendment, the Seventh Amendment right to a jury trial, and equal protection of

1  the laws under the Fourteenth Amendment. Said defendants have acted under color of judicial

2  immunity, quasi-judicial immunity or executive immunity respectively as well.

3      c55.    Claim 55 Civil Rights Violation: The Ninth Circuit Judicial Council has evaded

4  modifying or abrogating Civil Local Rule 7-1(b) authorizing the dismissal of *Removal II* without

5  a hearing, ¶ 43. Judges Murguia, Hawkins, Christen, Ikuta, Friedland, Miller, Gutierrez, Morris,

6  Du, Hamilton, and Lew have conspired to deny plaintiff civil rights as set forth in ¶ c54. Besides,

7  said judges have acted under color of judicial immunity.

8      c56.    Claim 56 Civil Rights Violation: On October 22, 2021, CSS Weber certified the

9  results of governor Newsom's recall election, ¶ 40. CSS Weber has collaborated with governor

10  Newsom, president Biden, former president Obama, VP Harris, senator Padilla so as to sustain

11  violation of plaintiff's civil rights as set forth in ¶¶ c10, c23, c30, c31, c32. Furthermore, said

12  defendants have acted under color of presidential immunity, executive immunity or legislative

13  immunity respectively.

14      c57.    Claim 57 Civil Rights Violation: Judge Koh's nomination to the Ninth Circuit

15  was confirmed on December 13, 2021, ¶ 41. President Biden has conspired with judge Koh to

16  prolong infringement of plaintiff's civil rights as set forth in ¶¶ c12, c31, c56. Moreover, said

17  defendants have acted under color of presidential immunity or judicial immunity respectively.

18      c58.    Claim 58 Civil Rights Violation: On May 10, 2022, judge Freeman dismissed the

19  FAC in *State III* without a hearing, ¶ 45. Said judge has colluded with judge Cousins, former

20  clerk Soong, deputy clerk Walton, CC Williams, and DCC Martinez to deprive plaintiff of the

21  First Amendment right to petition the government for a redress of grievances, due process of law

22  under the Fifth Amendment, the Seventh Amendment right to a jury trial, and equal protection of

23  the laws under the Fourteenth Amendment. Said defendants have acted under color of judicial

24  immunity, executive immunity or quasi-judicial immunity respectively as well.

c59.    Claim 59 Civil Rights Violation: On May 10, 2022, judge Freeman dismissed the FAC in *State III* even though said judge had reviewed and approved for filing the complaint in that case under her own screening order, ¶ 16, and Civil Local Rule 5-1(b). The Ninth Circuit Judicial Council has failed to modify or abrogate said local rule permitting judge Freeman to dismiss the FAC without all jurisdiction. Judges Murguia, Hawkins, Christen, Ikuta, Friedland, Miller, Gutierrez, Morris, Du, Hamilton, and Lew have conspired to deny plaintiff civil rights as set forth in ¶ c58. Besides, said judges have acted under color of judicial immunity.

c60.    Claim 60 Civil Rights Violation: On June 14, 2022, judge Tigar denied plaintiff's first motion to disqualify judge Freeman from *State III* without a hearing, ¶ 48. Thus, said judge has collaborated with judge Freeman to deprive plaintiff of the First Amendment right to petition the government for a redress of grievances, due process of law under the Fifth Amendment, the Seventh Amendment right to a jury trial, and equal protection of the laws under the Fourteenth Amendment. Both judges have acted under color of judicial immunity as well.

c61.    Claim 61 Civil Rights Violation: On June 29, 2022, judge Freeman dismissed the FAC in *State III* again without a hearing, ¶ 49. Said judge has conspired with judge Tigar, AG Garland, U.S. attorney Hinds, AUSA Lo, and AUSA Bernardoni in order to deny plaintiff the First Amendment right to petition the government for a redress of grievances, due process of law under the Fifth Amendment, the Seventh Amendment right to a jury trial, and equal protection of the laws under the Fourteenth Amendment. Moreover, said defendants have acted under color of judicial or executive immunity respectively.

c62.    Claim 62 Civil Rights Violation: Judge Orrick denied plaintiff's second and third motions to disqualify judge Freeman from *State III* without a hearing on August 18, 2022, ¶ 50. Said judge has colluded with judge Seeborg, judge Freeman, Dr. David Poon, Dr. Alan Poon, Dr. Au, and Dr. Yu to deprive plaintiff of the First Amendment right to petition the government for a

1   redress of grievances, due process of law under the Fifth Amendment, the Seventh Amendment

2   right to a jury trial, and equal protection of the laws under the Fourteenth Amendment. Besides,

3   these three judges have acted under color of judicial immunity.

4       c63.    Claim 63 Civil Rights Violation: On July 8, 2014, judge Breyer denied plaintiff's

5   motion to intervene in *Criminal I* without a hearing, ¶ 8-1. Said judge has conspired with FUSA

6   Haag to deprive plaintiff of the First Amendment right to petition the government for a redress of

7   grievances, due process of law under the Fifth Amendment, the Seventh Amendment right to a

8   jury trial, and equal protection of the laws under the Fourteenth Amendment. Said defendants

9   have acted under color of judicial or prosecutorial immunity respectively as well.

10      c64.    Claim 64 Civil Rights Violation: On August 23, 2022, judge Breyer dismissed the

11  initial complaint in *Refile I* without a hearing and ordered clerk Busby not to file the FAC, ¶ 51.

12  Said judge has collaborated with judge Freeman, clerk Busby, U.S. attorney Hinds, AUSA Lo,

13  AUSA Bernardoni, CAG Bonta, DCAG Gasbarro, DCC Botha, DCC Martinez, Schwab, and

14  PG&E to deny plaintiff the First Amendment right to petition the government for a redress of

15  grievances, due process of law under the Fifth Amendment, the Seventh Amendment right to a

16  jury trial, and equal protection of the laws under the Fourteenth Amendment. Furthermore, said

17  federal, state or county officials have acted under color of judicial, quasi-judicial, or executive

18  immunity respectively.

19      c65.    Claim 65 Civil Rights Violation: On August 8, 2022, the FBI executed a search

20  warrant at former president Trump's residence Mar-a-Lago in Florida, ¶ 52. Thus, AG Garland,

21  director Wray, U.S. attorney Gonzalez, and judge Reinhart have colluded in order to prolong

22  denying plaintiff civil rights as set forth in ¶¶ c61, c63, c64. Furthermore, said defendants have

23  acted under color of prosecutorial or judicial immunity respectively.

1    c66.    Claim 66 Civil Rights Violation: On September 2, 2022, judge Tigar dismissed

2 *Refile I* without a hearing and approved filing of the present case, ¶ 53. In doing so, said judge

3 has conspired with judge Breyer to deprive plaintiff of the First Amendment right to petition the

4 government for a redress of grievances, due process of law under the Fifth Amendment, the

5 Seventh Amendment right to a jury trial, and equal protection of the laws under the Fourteenth

6 Amendment. Besides, both judges have acted under color of judicial immunity.

7    c67.    Claim 67 Civil Rights Violation: On September 6, 2022, judge Freeman denied

8 plaintiff's fourth motion to disqualify judge in *State III* without a hearing, ¶ 54. Said judge has

9 colluded with judge Tigar in order to deny plaintiff the First Amendment right to petition the

10 government for a redress of grievances, due process of law under the Fifth Amendment, the

11 Seventh Amendment right to a jury trial, and equal protection of the laws under the Fourteenth

12 Amendment. Both judges have acted under color of judicial immunity as well.

13                    **REQUEST FOR RELIEF**

14    WHEREFORE, plaintiff respectfully requests that the Court enter judgment against all

15 defendants and provide plaintiff with the following relief:

16    1.  A declaratory judgment that 28 U.S.C. §§ 351-364 constitute unconstitutional statutes.

17    2.  A declaratory judgment that California Code of Civil Procedure §§ 391-391.8 constitute

18        unconstitutional statutes.

19    3.  A declaratory judgment that defendants have violated plaintiff's civil rights as set forth in

20        claims 10 through 67.

21    4.  An order vacating the vexatious litigant order in case 13-cv-4442-EMC (Docket No. 40).

22    5.  An order vacating the screening order in case 19-cv-7000-BLF (Docket No. 26).

23    6.  Monetary damages in the amount of $8,000,000,000 against Santa Clara County;

24        $400,000,000 each against DA Rosen, assessor Stone, CC Williams, registrar Bushey,

judge Rudy, and judge Huber; $40,000,000 each against DDA Chase, DCC Sandoval,

DCC Dhadialla, DCC Martinez, DCC Botha, and attorney Mikkelsen; $20,000,000

against clerk Tonini; $40,000,000,000 each against the State and the State Bar;

$12,000,000,000 each against governor Newsom and former governor Brown;

$6,000,000,000 each against CSS Weber and CAG Bonta; $400,000,000 each against

DCAG Vincent, DCAG Curtis, DCAG Pasquali, and DCAG Gasbarro; $40,000,000

against analyst McCrickard; $800,000,000 each against judges Seeborg, Hamilton, Koh,

Chen, Freeman, Orrick, Wilken, Rogers, Illston, White, Chhabria, Alsup, Donato, Tigar,

and Breyer; $400,000,000 each against judges DeMarchi, Tse, Cousins, Beeler, and

Reinhart; $200,000,000 each against clerk Busby, CE Soong, and former acting clerk

Shambaugh; $40,000,000 against manager Puli; $20,000,000 each against deputy clerks

Salinas-Harwell, Walton, and Miyashiro; $800,000,000 each against judges Barker,

Hornby, Beistline, King, Ishii, McNamee, Gutierrez, Morris, Du, Lew, Underhill,

Wolfson, Bailey, Hicks, Lioi, DeGuilio, Tunheim, Kobayashi, Eagan, Coogler, and

Howell; $2,000,000,000 each against judges Murguia, Thomas, Schroeder, Silverman,

Paez, Forrest, Watford, Bennett, VanDyke. Randy Smith, Christen, Ikuta, Friedland,

Kozinski, Wallace, Tallman, Clifton, Goodwin, Dorothy Nelson, Canby, O'Scannlain,

Leavy, Trott, Fernandez, Kleinfeld, Hawkins, Tashima, Graber, McKeown, Wardlaw,

Fletcher, Gould, Berzon, Rawlinson, Bybee, Callahan, Bea, Milan Smith, Nguyen,

Hurwitz, Owens, Nelson, Miller, Bade, Collins, Lee, Bress, Bumatay, Howard, Lavenski

Smith, Livingston, Chargares, Gregory, Owen, Sutton, Sykes, Tymkovich, Pryor, Moore,

Srinivasan, Bowman, and Wilkinson; $1,000,000,000 against commissioner Fitzgerald;

$400,000,000 each against FCE Smith and clerk Dwyer; $20,000,000 against deputy

clerk Dela Cruz; $20,000,000,000 against chief justice Roberts; $10,000,000,000 each

against justice Kennedy and justice Breyer; $5,000,000,000 each against justices Thomas, Ginsburg, Alito, Sotomayor, and Kagan; $20,000,000,000 against president Biden; $10,000,000,000 each against VP Harris, AG Garland, and former president Obama; $5,000,000,000 each against secretary Becerra, FAG Holder, FAG Sessions, and director Wray; $50,000,000 against FAG Barr; $2,000,000,000 against FSG Verrilli; $400,000,000 each against U.S. attorney Gonzalez, U.S. attorney Hinds, FUSA Haag, FUSA Stretch, and FUSA Anderson; $80,000,000 each against AUSA Lo, AUSA Johann, AUSA Bernardoni, former AUSA Winslow, AUSA Scharf, and former AUSA Cormier; $2,000,000,000 each against FPMG Potter, FPMG Donahoe, FPMG Brennan, and senator Padilla; $1,000,000,000 against speaker Pelosi; $400,000,000 each against representatives Huffman, Garamendi, Thompson, Matsui, Bera, McNerney, Harder, Lee, DeSaulnier, Speier, Swalwell, Costa, Khanna, Eshoo, Lofgren, Panetta, Carbajal, Chu, Brownley, Schiff, Cardenas, Sherman, Aguilar, Napolitano, Lieu, Gomez, Torres, Ruiz, Bass, Sanchez, Roybal-Allard, Takano, Waters, Barragan, Porter, Correa, Lowenthal, Levin, Vargas, Peters, Jacobs, Raskin, Castro, Cicilline, Dean, DeGette, and Neguse; $800,000,000 against representative Nadler; $200,000,000,000 against members of the 107th Congress; $5,000,000,000 each against Twitter, Schwab, and PG&E; $10,000,000,000 each against Facebook and Google; and $10,000,000 each Dr. David Poon, Dr. Alan Poon, Dr. Au, and Dr. Yu.

7. Monetary punitive damages against all defendants except DAG Monaco and FAG Barr.

8. An order under 18 U.S.C. § 242 referring all defendants except herself and FAG Barr to DAG Monaco for criminal prosecution.

9. All other further relief to which plaintiff may be entitled.

1

## DEMAND FOR JURY TRIAL

2

Plaintiff hereby demands a trial by jury on all issues for which a right to jury trial exists.

3

Respectfully submitted this 19th day of September 2022.

*Kuang-bao Ou-young*

4
5   KUANG-BAO P. OU-YOUNG
6   1362 Wright Avenue
7   Sunnyvale, California 94087
8   (408) 234-2371
9   kbouyoung@yahoo.com
10
11  Plaintiff