UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KUANG-BAO PAUL OU-YOUNG, | Case No.   5:22-cv-05066 EJD |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTIONS TO VACATE** |
| v. | |
| COUNTY OF SANTA CLARA, et al., | Re: ECF Nos. 16, 17 |
| Defendants. | |

Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, Plaintiff Kuang-Bao Paul Ou-Young ("Plaintiff") moved to vacate the Court's Order Dismissing Action for Lack of Prosecution (ECF No. 13).  ECF Nos. 16, 17.  For the reasons stated below, Plaintiff's motion is DENIED.

## I.    BACKGROUND

On December 20, 2013, Judge Chen issued an order declaring Plaintiff to be a vexatious litigant and directing pre-filing screening of any complaint filed by Plaintiff involving certain statutes and parties.  *See Ou-Young v. Roberts* ("First Screening Order"), Case No. 13-cv-04442, ECF 40 (N.D. Cal. Dec. 2013).  Judge Chen's Order required that:

> Plaintiff must obtain leave of court before filing any further suits alleging any violations of the federal criminal statutes, pursuant to 18 U.S.C. § 1512(b), 18 U.S.C. § 1512(c), and 18 U.S.C. § 371, and the FTCA, codified at 28 U.S.C. § 2671 et seq., involving parties that he named in the current case, or *Ou-Young I*, *Ou-Young II*, *Ou-Young III*, and *Ou-Young IV*, previously filed in this Court.

*Id.* at 16–17.

On December 5, 2019, Judge Freeman issued an Order Requiring That Kuang-Bao P. Ou-Young Obtain Leave of Court Before Filing Any Complaint Against Federal Judges because "the current Vexatious Litigant Order does not cover Plaintiff's recent suits against federal judges."  *Id.*

United States District Court
Northern District of California

at 4.  *Ou-Young v. Stone et al* ("Second Screening Order," collectively "Screening Orders"), Case No. 19-cv-07000-BLF, ECF No. 26 (N.D. Cal. Oct. 25, 2019).  Judge Freeman's Order specifically requires that Plaintiff "must obtain leave of court before filing any complaint that alleges claims against numerous federal judges, including United States Supreme Court justices, federal circuit judges, federal district judges, federal magistrate judges, and federal bankruptcy judges." *Id.* at 15.

On July 29, 2022, Plaintiff filed a Complaint in Case No. 22-cv-04396-CRB alleging identical causes of action against the same defendants in this action.  *See Ou-Young v. County of Santa Clara et al*, Case No. 22-cv-04396-CRB, ECF No. 1 (N.D. Cal. July 29, 2022).  Plaintiff then submitted a proposed amended complaint to add 200 defendants, including many federal judges, alleging they are liable for their judicial acts.  ECF No. 8.  On August 23, 2022, the Honorable Charles R. Breyer ordered the clerk not to file the proposed amended complaint and *sua sponte* dismissed all claims of the original complaint, finding that the allegations turned on decisions made by state judges while adjudicating a case in Santa Clara County Superior Court.  ECF No. 1 at 1. Judge Breyer afforded Plaintiff an opportunity to file an amended complaint provided that Plaintiff "not allege any claim against any judge (state or federal) or any claim arising directly out of a judicial act." ECF No. 10.  Judge Breyer noted that "the complaint overlaps, is intertwined with, and/or is duplicative of, several of the actions that he has previously been denied permission to file under either or both of the pre-filing review orders, and that he is continuing to pursue meritless claims against parties that are entitled to immunity." *Id.* at 1.

Instead of filing an amended complaint under the same case that complied with Judge Breyer's Order, Plaintiff filed a *new* action that was reviewed by the Honorable Judge Jon S. Tigar pursuant to the previous Screening Orders.[1]  *See In re Kuang-Bao P Ou-Young*, Case No. 22-mc-80227, ECF No. 2 (N.D. Cal. Aug. 29, 2022).  Upon review, Judge Tigar found that the claims alleged were not covered by either of the previous Screening Orders and directed the clerk to file the new complaint.  *Id.* at 2.  Judge Tigar further noted that the complaint was substantially identical

---

[1] After the two weeks had lapsed, Judge Breyer dismissed the Plaintiff's original complaint for failure to prosecute.  *See Ou-Young v. County of Santa Clara et al*, Case No. 22-cv-04396-CRB, ECF No. 12 (N.D. Cal. July 29, 2022).

1  to the complaint *sua sponte* dismissed for failure to prosecute by Judge Breyer in Case No. 22-cv-

2  04396.  *Id.*

3        On September 7, 2022, the clerk filed the screened complaint into a new action that was

4  assigned to this Court.  *See* Compl. ("Initial Compl."), ECF No. 1.  Plaintiff's filing of the instant

5  action appears to have been an effort to circumvent Judge Breyer's previous Order in Case No. 22-

6  cv-04396.  The complaint alleges three claims.  Claims two and three are duplicates of the original

7  complaint filed in Judge Breyer's action and turn on decisions made by Judge Huber and Judge

8  Rudy, who labeled Plaintiff a vexatious litigant while adjudicating cases in Santa Clara County

9  Superior Court.  Compl. ¶ c1–c2.  Plaintiff's third claim is against the Attorney General of California

10  and Deputy Attorney General for allegedly conspiring with the Santa Clara County Deputy County

11  Counsel to deny Plaintiff's First Amendment right to redress grievances and other constitutional

12  violations.  Compl. ¶ c3.

13        On September 19, 2022, Plaintiff filed an Amended Complaint without obtaining leave of

14  the court.  *See* First Am. Compl. ("Am. Compl."), ECF No. 3.  The Amended Complaint was in

15  violation of the Screening Orders but was erroneously filed by the clerk's office and summons were

16  issued.  ECF Nos. 4, 5.  The Amended Complaint adds more than 200 defendants, including

17  numerous federal judges and federal court personnel, members of the United States Congress, and

18  members of the current and former White House administrations.  Indeed, it appears that the first

19  59 of the 67 total claims alleged in the Amended Complaint are the same or substantially the same

20  claims in the proposed amended complaint that Judge Breyer directed the clerk not to file.

21        On September 26, 2022, this Court reviewed the Amended Complaint which alleged

22  numerous meritless claims against federal judges for their judicial acts, and dismissed it, finding

23  that it falls squarely within the Second Screening Order.[2]  ECF No. 9.  The Court's Order permitted

24  Plaintiff to file an amended complaint within 14 days with the instruction that any amended

25  complaint may not allege any claim against any judge or any claim arising directly out of a judicial

26

27  [2] The Court noted in its September 26 Order that "Plaintiff's complaint was erroneously filed
without obtaining leave from the Court."  ECF No. 9 at 2.  For clarity, the Court is referring to the
28  amended complaint.  Plaintiff had sought leave to file his initial complaint (*see* ECF No. 1-3) but
Plaintiff filed the amended complaint without obtaining leave in violation of the Screening Orders.

United States District Court
Northern District of California

1  act, and that failure to follow this instruction would result in dismissal under Federal Rule of Civil

2  Procedure ("FRCP") 41(b). *Id.* at 2. On November 23, 2022, after the two weeks had lapsed, the

3  Court *sua sponte* dismissed this action for failure to prosecute pursuant to Rule 41(b). ECF No. 13.

4  Plaintiff failed to follow the Court's instruction in its September 26 Order and did not file an

5  amended complaint.

6        On November 28, 2022, Plaintiff filed a Notice of Appeal of the Court's November 23, 2022,

7  Order (ECF No. 14) which was assigned appellate Case No. 22-16855. Then, on December 6, 2022,

8  Plaintiff filed two post-judgment motions: a Motion to Vacate this Court's November 23, 2022,

9  Order (ECF No. 16), and on December 29, 2022, a Second Ex Parte Motion to Vacate (ECF No. 17,

10 "Mot."). These motions are identical.[3] The Ninth Circuit issued an Order on January 12, 2023,

11 ordering that the appellate proceedings are held in abeyance pending resolution of Plaintiff's

12 pending Motions to Vacate before this Court. ECF No. 19. Since the Ninth Circuit Order, Plaintiff

13 filed a Motion for Permission for Electronic Case Filing (ECF No. 23), six Ex Parte Motions for

14 Default Judgment (ECF Nos. 24–28), and five Second Motions for Default Judgment (ECF Nos.

15 34–38).

## II.    LEGAL STANDARD

17       "Reconsideration for any of the reasons set forth in Rule 60(b) is an extraordinary remedy

18 that works against the interest of finality and should be applied only in exceptional circumstances."

19 *Fed. Trade Comm'n v. John Beck Amazing Profits, LLC*, No. 9-cv-4719-MWF, 2021 WL 4313101,

20 at *1 (C.D. Cal. Aug. 19, 2021) (internal quotation marks omitted). Federal Rule of Civil Procedure

21 60(b) provides six discrete grounds on which a court may relieve a party from a final judgment,

22 order, or proceeding. Fed. R. Civ. P. 60. Rule 60(b)(4) allows a court to relieve a party from a final

23 judgment, order, or proceeding if the judgment is void.

24       A judgment or order is void if the court lacked subject matter jurisdiction over the case "or

25 acted in a manner inconsistent with due process of law." *United States v. Berke*, 170 F.3d 882, 883

26 (9th Cir. 1999). However, "[i]f a court has subject matter jurisdiction, then errors committed in the

27

28

---

[3] Because the motions are duplicative, the Court refers only to Plaintiff's motion to vacate at ECF No. 17.

United States District Court
Northern District of California

1  course of deciding the case are generally not cognizable through a Rule 60(b)(4) motion." *United*

2  *Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010).  "[T]he scope of what constitutes a

3  void judgment is narrowly circumscribed, and judgments are deemed void only where the assertion

4  of jurisdiction is truly unsupported." *Hoffmann v. Pulido*, 928 F.3d 1147, 1151 (9th Cir. 2019).  An

5  erroneously decided judgment on its own does not render a judgment void.  *United Student Aid*

6  *Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010).

## III.   DISCUSSION

8          Plaintiff moves the Court to vacate its Order dismissing the action for failure to prosecute

9  pursuant to Rule 60(b)(4).  However, Plaintiff fails to offer any argument that persuasively

10  demonstrates this Court's Order was void.

11          Initially, Plaintiff argues that his ex parte motion to vacate is based on Civil Local Rule 7-

12  10, which permits a party to file an ex parte motion if a statute, Federal Rule, Local Rule, or Standing

13  Rule authorizes such filing.

14          In support of his motion, Plaintiff cites to and relies on 28 U.S.C. § 2284, arguing that this

15  Court was required to convene a panel of three judges to hear his case and notify the chief judge of

16  that circuit if that was not required.  Mot. at 2.  Instead, the Court dismissed Plaintiff's complaints

17  with leave to amend.  *Id.*  Section 2284 pertains to injunctive relief on facts and circumstances that

18  are not applicable here.  Section 2284 is irrelevant to the Court's dismissal and does not provide a

19  basis to vacate this Court's Order for the reasons explained below.

20          Plaintiff argues that the Court's dismissal enabled defendants to evade responding to the

21  Amended Complaint filed on September 19, 2022.  Mot. at 1.  However, Plaintiff's filing of the

22  Amended Complaint was violative of the courts orders and was only filed by the clerk in error.

23  Plaintiff has been found to be a vexatious litigant and has been ordered that he "must obtain leave

24  of court before filing any complaint that alleges claims against federal judges, including United

25  States Supreme Court justices, federal circuit judges, federal district judges, federal magistrate

26  judges, and federal bankruptcy judges." *Ou-Young v. Stone et al* ("Second Screening Order"), Case

27  No. 19-cv-07000-BLF, ECF No. 26 at 15 (N.D. Cal. Oct. 25, 2019).  If Plaintiff fails to seek leave

28  to file or amend a complaint, "[t]he Clerk of Court shall not accept for filing any complaint alleging

1    claims against federal judges until the complaint has been reviewed by a judge and approved for

2    filing." *Id.* Instead, the Second Screening Order states that the clerk must forward the complaint to

3    the general duty judge for pre-filing screening. *Id.* Plaintiff did not seek leave to amend, nor did

4    the general duty judge screen Plaintiff's Amended Complaint.

5         Moreover, Plaintiff's filing of his Initial Complaint in this action violated Judge Breyer's

6    Order in Case No. 22-cv-04396-CRB. Plaintiff first filed a substantially similar version of his

7    original complaint before Judge Breyer. Plaintiff then attempted to file an amended complaint that

8    "add[ed] 200 defendants, including many federal judges, alleging that they are liable for their

9    judicial acts," which Judge Breyer directed the clerk not to file. *Ou-Young v. County of Santa Clara*

10   *et al*, No. 22-cv-04396-CRB, ECF No. 10 at 1. Judge Breyer also dismissed Plaintiff's original

11   complaint because it was based on decisions made by state court judges while adjudicating a case.

12   Judge Breyer provided leave to amend and dismissed the action for failure to prosecute once 14 days

13   had lapsed. Rather than amend, Plaintiff initiated a new action with this Court, filing the same

14   complaint here (with the addition of one new claim) that Judge Breyer had dismissed and ordered

15   Plaintiff to amend as instructed.

16        Plaintiff thus attempted to circumvent Judge Breyer's Order by initiating this action. Plaintiff

17   filed the frivolous Amended Complaint in this action before it was screened pursuant to the

18   Screening Orders. This Court therefore dismissed the Amended Complaint, which alleges numerous

19   meritless claims against more than 200 defendants, many of whom are federal judges. Plaintiff's

20   Amended Complaint asks the Court, in part, to vacate Judge Chen and Judge Freeman's vexatious

21   litigant orders in Case Nos. 13-cv-4442-EMC, ECF No. 40 and 19-cv-7000-BLF, ECF No. 26.

22   Plaintiff's Initial Complaint was likewise dismissed.[4] The Court provided leave to amend but

23   Plaintiff did not do so. This Court dismissed the action for failure to prosecute.

---

[4] Plaintiff's Initial Complaint turns on decisions made by state judges, Judge Huber and Judge Rudy, while adjudicating cases labeling Plaintiff a vexatious litigant in Santa Clara County Superior Court. Compl. ¶ c1–c2. Judges are entitled to judicial immunity while performing acts that are judicial in nature. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001). Plaintiff's third claim against the Attorney General of California and Deputy Attorney General for allegedly conspiring with Deputy County Counsel employed at Santa Clara County to deny Plaintiff the First Amendment right to redress grievances and other constitutional violations. Compl. ¶ c3. Plaintiff's allegations as to these defendants are conclusory and lack sufficient detail.

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10

While the Court recognizes that Plaintiff is pro se, he is a savvy litigant who has filed numerous complaints in this district over more than a decade.  Plaintiff is aware of Judge Chen and Judge Freeman's Screening Orders, and he was on notice of the deficiencies of his complaints not only from the vexatious litigant orders, but also from Judge Breyer's order before Plaintiff initiated the instant action.  Plaintiff was provided two opportunities to amend, first with an identical complaint in Case No. 22-cv-04396-CRB before Judge Breyer, and again before this Court.  Plaintiff's action before this Court can reasonably be seen as seeking to avoid complying with Judge Breyer's Order, which permitted Plaintiff to amend but prohibited him from alleging any claim against any judge or any claim arising directly out of a judicial act.  Plaintiff did not amend in the present action when afforded the opportunity.

11
12
13
14
15
16
17
18
19
20

Plaintiff further asserts that the Court's dismissal denied Plaintiff's First Amendment right to petition the government for a redress of grievances, the Fifth Amendment's Due Process clause, the Seventh Amendment's right to a jury trial, and the Fourteenth Amendment's Equal Protection clause.  Mot. at 2.  He also contends that the Court "fail[ed] to authorize plaintiff to amend." *Id.* However, the Court's Order clearly and unequivocally states that "Plaintiff may file an amended complaint within 14 days." ECF No. 9 at 2.  Plaintiff was also warned that failure to timely file an amended complaint would result in dismissal.  Despite being afforded this opportunity, Plaintiff failed to file an amended complaint within the specified timeframe.  Therefore, the Court finds that the dismissal of the case was not an unreasonable restriction on Plaintiff's constitutional rights, nor has Plaintiff provided any meritorious bases for these arguments.

21
22
23
24

The remainder of Plaintiff's assertions are otherwise indiscernible to the Court.  Because the Order is not premised on a jurisdictional error, nor does the Court find that Plaintiff was not afforded the opportunity to be heard, the Court's Order is not void.  Accordingly, Plaintiff is not entitled to relief under Rule 60(b)(4).

25

## IV.    CONCLUSION

26
27
28

For the foregoing reasons, Plaintiff's motions to vacate the Court's Order dismissing the action are DENIED.  Given the procedural posture of the action, the motions at ECF Nos. 23–28

and 34–37 are moot, and Plaintiff is ORDERED not to file any more documents on this docket while

the case is pending before the Ninth Circuit.

      **IT IS SO ORDERED.**

Dated: March 6, 2023

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KUANG-BAO PAUL OU-YOUNG,

          Plaintiffs,

     v.

COUNTY OF SANTA CLARA, et al.,

          Defendants.

Case No. 5:22-cv-05066 EJD

**PROOF OF SERVICE BY MAIL**

I, Cheré Robinson, state and declare as follows:

I am a citizen of the United States and a resident of the State of California.  I am over the age of eighteen years and not a party to the within action.  I am an employee with the United States District Court, Northern District of California.  My business address is 280 South 1st Street, San Jose, California 95113.

On March 6, 2023, I served a true and correct copy of **ORDER DENYING PLAINTIFF'S MOTIONS TO VACATE**, filed on 3/6/2023 [ECF No. 40] in the above referenced action, by placing a true copy thereof in a sealed envelope with delivery fees prepaid and placing said envelope into the Clerk's Office delivery receptable for same day deposit with the United States Postal Service at San Jose, California, addressed as follows:

Kuang-Bao Paul Ou-Young
1362 Wright Avenue
Sunnyvale, CA 94087

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this certificate was executed at San Jose, California on March 6, 2023.

Mark B. Busby
Clerk of Court, United States District Court

By: _Cheré Robinson_           

Cheré Robinson
Deputy Clerk to Hon. Edward J. Davila

United States District Court
Northern District of California